STATE v. LEE.

1. A trial judge is not called upon to advise the jury as to the weight to be given to the testimony of an accomplice, unless he is satisfied that one of the witnesses is an accomplice; and there was no error in his ruling that the witnesses in this case were not examined as accomplices.
2. Where two are jointly indicted for grand larceny, the conviction of only one of them is not error of law.

Before HUDSON, J., Darlington, March, 1888.

Robert Lee, Sarah Dudley, and Charlotte Purvis were jointly indicted for grand larceny and true bill was found; but Charlote Purvis had never been committed or bound over for trial, and her name was written into the indictment through an oversight of the solicitor. He therefore *nol pros'd* as to her.

Julia Ann Sanders and Charlotte Purvis, witnesses for the State, both testified that Robert Lee and Sarah Dudley, after a long private conference, went off about 1 o'clock in the night, saying they were going to Miss Stackley's (the name of the person from whose store the goods were stolen) "on some business."

And Julia further testified that she saw them later coming from the direction of Stackley's store, laden with band-boxes and bags, and that they gave her two pairs of shoes, which she took and looked at, and then handed them back. Both of these witnesses disclaimed any connection with the theft, but admitted that they had not told what they knew until after their arrest. The defendants denied all this and put up witnesses to prove an *alibi.*

Other matters are stated in the opinion of the court.

*Mr. B. O. Townsend,* for appellant.

*Mr. Newton,* solicitor, contra.

July 2, 1888. The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON. An indictment was handed out by the solicitor at the March term of the Court of General Sessions, 1888, for Darlington County, against the defendant, Robert Lee, Charlotte Purvis, and Sarah Dudley, charging them 1st, with burglary; and 2nd, with grand larceny. The grand jury returned said indictment endorsed, "True bill for grand larceny."

When the case was called for *trial,* the solicitor stated that through a mistake Charlotte Purvis had been included in the indictment, when she had not been bound over by the trial justice for the crimes alleged, but had been as a witness. He therefore entered a *nolle prosequi* as to her, and she was used as a witness for the State. The appellant's counsel, in the beginning of his argument, said that the case was one where the evidence of accomplices (Julia Ann Sanders and Charlotte Purvis) was relied on for conviction, and that he would say, subject to correction by his honor, that it was the duty of the court, when such evidence is relied on, to advise the jury that while they had the power, yet that they ought not to convict upon such testimony, unless it was corroborated in material particulars by other evidence, which was not the case here.

Robert Lee was convicted; the jury stating that they could not agree as to Sarah Dudley. Robert Lee appealed, alleging as error that his honor declined to charge that while the evidence

of an accomplice is competent, it was his duty as a judge to advise them not to convict on the uncorroborated testimony of an accomplice ; and that he erred in charging that the question in reference to accomplices was not involved, as no accomplice had been put up as a witness.   2nd. That the verdict was inconsistent and capricious, in that if Robert Lee was guilty, as found by the jury, Sarah Dudley was also guilty ; or rather, if Sarah was innocent, Robert Lee was innocent too.

His honor, in reporting upon the case, says that he endorsed the legal proposition of defendants' counsel as to the evidence of an accomplice, but instructed the jury that it had no application here, as the solicitor had placed no witness on the stand as an accomplice, nor had any witness for the State confessed to being such.   So that the real question before us is not that his honor erred in the law laid down as to accomplices, but that he stated that such law had no application to the case, because no accomplice had been examined.   The question whether Charlotte Purvis was an accomplice was not one of the issues in the case, which had to go to the jury as a question of fact; it was in the nature of an attack upon her competency, which question is always for the court.

A trial judge is never required to charge abstract legal propositions.   He is only required to charge the law as applicable to the case made, and when a question arises as to the competency of a witness, he must determine and decide whether or not the position of the witness, which involves sometimes a preliminary question of fact, is such as in law to render him incompetent. *Greenl. Evid.* (14th edit.), § 425.  So, too, by analogy, when the question is whether the judge shall advise the jury not to be governed by the evidence of a certain witness, unless it is corroborated, because he is an accomplice, he must first be satisfied that the witness is an accomplice.   He cannot stop the case, or rather it would be irregular to do so, and submit that question to the jury, and then let his charge be determined by the findings.

We think his honor, under the circumstances of this case, in reference to Charlotte Purvis and Julia Ann Sanders, was right in holding that they were not examined as accomplices, and there-

fore the law claimed by appellant's counsel, though good law, had no application.

Because the jury found Robert Lee guilty, and failed to agree as to Sarah Dudley, is no error of law, and therefore is not properly before us.

It is the judgment of this court, that the judgment of the Circuit Court be affirmed.