WILLIAM C. BRAITHWAITE v. STATE.

[FILED FEBRUARY 25, 1890.]

1. Larceny: EVIDENCE. Where property is stolen from a corpo-
ration it is unnecessary on the trial of the thief to introduce the
articles of association or charter of the corporation. It is suffi-
cient to prove that such a corporation in fact was in existence
and was possessed of the property stolen.

2. ———: AMENDMENT OF INFORMATION held to have been unnec-
essary, and the procedure thereunder worked no prejudice to the
accused.

ERROR to the district court for Boone county. Tried
below before HARRISON, J.

*Miller & Harris*, for plaintiff in error:

The proceedings under the first information were a legal bar to trial under the amended information. (Const., art. I, sec. 12 ; Bishop, Criminal Law [5th Ed.], 1016 ; Wells, Res Adjudicata, p. 318 ; *Whitmore v. State,* 43 Ark., 274 ; *State v. Ward,* 48 Id., 36 ; *People v. Webb,* 38 Cal., 479 ; *Weaver v. State,* 4 Crim. Law Mag., 27 ; *State v. Schuchardt,* 18 Neb., 455.) The first information alleged that the money charged to have been stolen was the property of the Albion State Bank, and this was a sufficient allegation of ownership to sustain a conviction. (*Sasser v. State,* 13 Ohio, 453 ; *Reed v. State,* 15 Id., 217 ; *Burke v. State,* 34 Ohio St., 79 ; *McCarney v. People,* 2 Crim. Law Mag., 578.) The preliminary matters of record were thus fully complied with under the first information, and the accused "put in jeopardy" thereby. He could not, therefore, have been properly tried under the second information, the filing of which was a dismissal of the first, and in the nature of *nolle prosequi.*

*William Leese, Attorney General,* and *J. A. Price,* for the state :

The jury was not discharged in the filing of the amended information, and there is no ground for the claim that the accused was twice put in jeopardy. The amendment was not improperly allowed, and the rights of the accused were not prejudiced thereby. (*Burk v. State,* 34 Ohio St., 79 ; *People v. Hamilton,* 42 W. W. Rep., 1131 ; *Keatlor v. People,* 32 Mich., 484 ; *State v. Snow,* 30 La. Ann., 401 ; *State v. Stearns,* 28 Kan., 154 ; *State v. Merchant,* 38 Ia., 375 ; 1 Bishop, Crim. Pro. [3d Ed.], section 714 ; 3 Russell on Crimes, 323, 332, 333.)

MAXWELL, J.

In January, 1889, an information was filed against the plaintiff in error in the district court of Boone county in

which he was charged with the larceny of $1,000, "the property of the Albion State Bank, of Albion, Boone county, Nebraska." To this information he pleaded "Not guilty." On the trial of the cause, after the jury had been impaneled and sworn, the prosecuting attorney, upon leave granted, amended the information as follows, after the words "Albion State Bank," by adding "a corporation organized and doing business under the laws of the state of Nebraska." The court thereupon required the defendant below (plaintiff in error) to plead anew to the amended information, which he did by again pleading "Not guilty," and the jury previously impaneled was again sworn to try the issue joined. The plaintiff in error pleaded these facts in bar of the further prosecution of the case. The plea was overruled, to which exceptions were duly taken. The jury returned a verdict of guilty as charged in the information and the plaintiff in error was sentenced to imprisonment in the penitentiary for three years.

The evidence is not in the record, and the only question before the court is the ruling of the district court in permitting the amendment of the information after the jury was impaneled and sworn. It is claimed that this operated as a discharge of the accused, particularly as the court had caused the jury to be sworn again, thereby treating the case as if the jury had been discharged. Section 412 of the Criminal Code provides that "No indictment shall be deemed invalid, nor shall the trial, judgment, or other proceedings be stayed, arrested, or in any manner affected: First, by the omission of the words 'with force and arms,' or any words of similar import; or, second, by omitting to charge any offense to have been contrary to a statute or statutes; or, third, for the omission of the words 'as appears by the record'; nor for omitting to state the time at which the offense was committed, in any case where time is not of the essence of the offense; nor for stating the time imperfectly; nor for want of a statement of the value

or price of any matter or thing; or the amount of damages, or injury, in any case where the value, or price, or the amount of damages, or injury is not of the essence of the offense; nor for the want of an allegation of the time or place of any material fact, when the time and place have once been stated in the indictment; nor that dates and numbers are represented by figures; nor for an omission to allege that the grand jurors were impaneled, sworn, or charged; nor for any surplusage or repugnant allegation when there is sufficient matter alleged to indicate the crime or person charged; nor for want of the averment of any matter not necessary to be proved; nor for any other defect or imperfection which does not tend to the prejudice of the substantial rights of the defendant upon the merits."

This section of our statute was copied from the Criminal Code of Ohio, and its proper construction was before the supreme court of that state in *Burke v. State*, 34 O. S., 79, and it was held that the corporate character of the company was sufficiently shown by proof that it was, at the time of the commission of the offense charged, a corporation *de facto*.

In that case the accused was charged with burglary by breaking "into a certain railroad car of the Pittsburg, Cincinnati & St. Louis Railroad Co." on the night of November 23, 1875. There was no allegation in the indictment that the company was a corporation, but evidence was offered and received tending to show its corporate character. The court in that case instructed the jury that "It is not necessary for the state to prove the articles of association or charter of the Pittsburg, Cincinnati & St. Louis Railway Co., but it is sufficient to prove by reputation that there was, at the time when the crime is alleged to have been commited, a corporation known by that name, operating such road, and carrying goods, stock, and passengers for hire in its cars running along said company's road. A *de facto* existence of the corporation is only nec·

essary to be shown." This, we think, is a correct statement of the law.

The particular mode in which a corporation was organized, whether as a corporation of this state or not, cannot be material in any case where the validity of its organization is not involved. If it is in fact a corporation, and as such was lawfully in possession of certain property which has been stolen from it, it is sufficient to allege in the indictment or information its corporate character, and on the trial prove that it is a corporation *de facto;* in other words, it is sufficient to prove that it is a person in fact, without proving how it came into existence—the material inquiry being, Was the property of such person stolen from it by the one accused of the larceny?

The practice of amending an information on the trial is not to be commended. It is a power liable to abuse, and if it is apparent that the amendment may prejudice the accused, it should not be permitted. To what extent amendments may be sustained is not now before the court, but no amendment was necessary in the case at bar, and the essential facts stated in the amended information, that it was a *de facto* corporation, could have been proved without amending the same. The amendment, therefore, caused no prejudice to the plaintiff in error.

The jury were not discharged before verdict, but the court, out of a superabundance of caution, caused them to be sworn a second time. This was unnecessary.

There is no error in the record, and the judgment is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.