STATE v. MEARES.

1. EVIDENCE.—CONDUCT of a defendant in his own behalf **cannot be** shown by conversations between him and prosecutor.
2. IBID.—BASTARDY.—JURY may convict in bastardy case on the uncorroborated evidence of the mother.
3. EXCEPTION not considered because held not to point out distinctly the alleged error.  MR. JUSTICE JONES *dissents.*

Before BUCHANAN, J., Spartanburg.  May, 1898.  Affirmed.

Indictment for bastardy against J. C. Meares.  From sentence on verdict of guilty, defendant appeals.

*Messrs. J. J. Burnett* and *Duncan & Sanders,* for appellant.  The latter cite: *Defendant should not be convicted of bastardy on uncorroborated evidence of prosecutrix:* 3 Ency., 2d ed., 886.  *The charge excepted to in VIII. exception is on the facts:* 56 S. C., 526; 57 S. C., 486.

*Assistant Attorney General U. X. Gunter,* contra.  Oral argument.

June 12, 1901.  The opinion of the Court was delivired by MR. JUSTICE GARY.  The defendant was indicted and convicted on the charge of bastardy.  He appealed from the sentence of the Court on numerous exceptions, which it will not be necessary to consider in detail, as all were waived except those raising the questions presented in the written argument of the appellant's attorneys.

The first question for consideration is whether his Honor, the Circuit Judge, erred in refusing to allow Dr. Dean to testify to the conduct or conversation between the defendant and Cora Jenkins.  The record shows that the following took place during the examination of Dr. Geo. R. Dean, a witness for the defendant: "Q. Who brought the girl to you?  A. Professor Meares brought

her.    Q. Whom did you first tell that she was in this condi-
tion?    A. Mrs. Meares.    Q. In the presense of Cora Jen-
kins, when Professor Meares brought her up there, what did
he say, and what did she say?    Solicitor Sease: I object;
there is no foundation.    Mr. Sanders: It is as to the conduct
of the parties to show whether the man was guilty or not.
Solicitor Sease: Conduct and what they said are different
things.    By the Court: My idea is that if any charge was
made against him, his demeanor might be competent, and
only the State could bring that out and not the defense.
You could not prove anything by what he did not say.    If
some person were to make a charge against him and call
upon him for an answer, he could fold his arms and not say
a word, and that could not be taken as evidence against him.
I don't think from either view of the matter that the defense
could bring that out."

It will be observed that the evidence was offered for the
purpose of showing the conduct of the parties as tending to
prove whether the defendant was guilty or not.    The con-
duct of the parties could not be shown by proving what the
defendant and Cora Jenkins said.    The testimony was not
offered for the purpose of contradicting Cora Jenkins, as the
proper foundation had not been laid, nor was it part of the
*res gestae,* nor explanatory of an act.    We fail to see
wherein the testimony was admissible.

The next question that will be considered is whether it
was error to refuse to charge that in bastardy cases, the testi-
mony of the mother should be corroborated in some material
particular, before a verdict of guilty could be ren-
dered.    The Am. & Eng. Enc. of Law, vol. xxix.,
834, thus states the rule: "In England, the mother of
an illegitimate child must not only be a witness, but her
testimony must be corroborated, before a man can be ad-
judged the putative father, or an order of affiliation can be
made, and it is necessary that the corroboration be in some
material particular.    But this is a statutory rule; and in the ab-
sence of such a statute, no corroboration is required in such

cases as a rule of law." * * * Even if Cora Jenkins could be regarded as *particeps criminis,* it would still be unnecessary that her testimony should be corroborated. In *State* v. *Prater,* 26 S. C., 207, the Court says: "It is true that the proper practice is for the presiding Judge to *advise* the jury not to convict upon the uncorroborated testimony of an accomplice; * * * but we know of no authority which requires that they should be directed to acquit unless the testimony of an accomplice is corroborated." Furthermore, there was testimony tending to corroborate the witness in a material particular.

The last question to be determined is that presented by the eighth exception, which assigns error as follows: "VIII. In charging as follows: 'Well, now, you are to consider, not only what a witness says when he goes on the stand; he is clothed with a presumption of innocence which attends every witness, because it is the corollary from the presumption that every man is innocent; he is clothed with the presumption of honesty—not that they are always honest, but that being the condition of a great majority of mankind. The law presumes that when a man goes on the stand, he is presumed to be telling the truth—not that he always does, as I charge you, but that being the presumption of a great majority of mankind, the law presumes or infers that he comes there upon the witness stand with a good character; therefore, that he tells the truth. Now oftentimes small divergences on insignificant matters testified to by one witness and denied by another is not only not an evidence of telling an untruth, but oftentimes is the strongest evidence that they have not combined or colluded or conspired together to come before the Court and impose upon it a made-up story, but upon the main salient features of the case, that everybody would observe if they were there, if they had a chance of observation or knowledge, then if they conflict, well both of them cannot be so, and both statements be true. I will believe one and discard the statement of the other, as unworthy of belief, because I cannot reconcile them

34—60

upon the grounds of common honesty of each witness; therefore, I will throw aside one and believe the other, because, forsooth, it strikes me as more worthy of credit. It strikes me as being the truth as drawn from the inherent probabilities of facts as testified to by other witnesses—facts corroborated and sustained by another person; or, forsooth, you may say neither one of them are worthy of belief, and I will throw them both out of the discussion of the case. I will consider the facts and circumstances, without the testimony of those witnesses.' It being respectfully submitted that in so charging, his Honor charged upon the facts, and advised the jury how to weigh and consider the testimony, contrary to the inhibitions and restrictions imposed upon Circuit Judges by sec. 26, of art. V., of the Constitution." Sec. 8, art. V., of the Constitution, is as follows: "When a judgment or decree is reversed or affirmed by the Supreme Court, every point made and distinctly stated in the cause, and fairly arising upon the record of the case, shall be considered and decided." * * * As said by the Court in *Garrett* v. *Weinberg,* 59 S. C., 162: "It only requires a glance at the exception just mentioned to see that there has been a failure to comply with the provision of the Constitution, requiring the points made by the appellant to be distinctly stated, before he is entitled to have them considered by the Court."

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.

Mr. Justice Jones, *dissenting.* I am unable to concur with the majority in the conclusion reached in this case. I think the eighth exception should have been sustained. The portion of the charge complained of in that exception, as taken from the case, is as follows: "Well, now, you are to consider not only what a witness says; when a witness goes upon the stand, he is clothed with a presumption of innocence, which attends every witness, because it is the corollary from the presumption that every man is innocent; he is clothed with the presumption of hon-

esty—not that they are always honest, but that being the condition of a great majority of mankind. The law presumes that when a man goes on the stand he is presumed to be telling the truth—not that he always does, as I charge you, but that being a presumption of the great majority of mankind, the law presumes or infers that he comes there upon the witness stand with a good character; therefore, that he tells the truth. Now oftentimes small divergences or insignificant matters testified to by one witness and denied by another is not only not an evidence of telling an untruth, but oftentimes is the strongest evidence that they have not combined or colluded or conspired together to come before the Court and impose upon it a made-up story, but upon the main salient features of the case, that everybody would observe if they were there, if they had the chance of observation or knowledge, then if they conflict, you may say well both of these cannot be so and both statements be true. I will believe one and discard the statement of the other, as unworthy of belief, because I cannot reconcile them upon the ground of the common honesty of each witness; therefore, I will throw aside one and believe the other, because, forsooth, it strikes me as more worthy of credit. It strikes me as being the truth as drawn from the inherent probabilities or facts as testified to by the other witnesses—facts corroborated and sustained by another person; or, forsooth, you may say neither one of them are worthy of belief, and yet I am unable to say they are telling things untrue, purposely untrue, and I will throw both of them out of the discussion of this case. I will consider the other facts and circumstances without the testimony of those witnesses." It is complained that in so charging, the Circuit Judge charged upon the facts, and advised the jury how to weigh and consider the testimony, in violation of art. V., sec. 26, of the Constitution. This exception the majority of the Court declines to consider on the ground that it fails to distinctly state the point raised for consideration—in other words, that the exception is too general. It seems to me that this is

carrying the rule requiring exceptions to be specific to an extreme length. The exception distinctly quotes the portion of the charge complained of, and specifically points out the rule or principle of law alleged to have been violated thereby. The charge complained of violates the Constitution forbidding charging the jury "in respect to matters of fact." The jury were instructed that there is a presumption that every witness tells the truth. Such a charge was condemned in *State* v. *Taylor*, 57 S. C., 487-8, as not only incorrect as matter of law, but as instructing the jury as to the force and weight of testimony. The effect of such a charge is to instruct the jury that the statement of the prosecutrix that the defendant was the father of her bastard child was presumptively true.

Furthermore, the charge was in respect to matters of fact in advising the jury that they might throw out of the discussion of the case the conflicting statements of witnesses on material matters, and consider the other facts and circumstances without the testimony of such witnesses, although the jury were unable to say that such witnesses were telling things purposely untrue. In the case of *State* v. *Mitchell*, 56 S. C., 531, a very similar charge was condemned as in violation of the constitutional inhibition.

For these reasons, I think the judgment of the Circuit Court should be reversed.