7502

## STATE v. CLARK.

1. EVIDENCE.—Under the showing here made it is held not error to rule out questions asked the prosecutor to the effect that the man who had access to your barn was the man the chief of police shot at in his barn, and you are being sued in this Court now.

2. IBID.—A witness may state a search warrant was issued against a certain dwelling without producing it.

3. IBID.—BURGLARY.—In prosecution for burglary it is competent to show defendant had a number of skeleton keys which would open many houses in the town.

4. CHARGE—ACCOMPLICE.—An instruction as to the weight or sufficiency of the evidence of an accomplice is within the constitutional inhibition as to charging on the facts.

5. HOUSEBREAKING—BURGLARY.—The mere breaking and entering a house is not a crime under section 145 of Criminal Code. A verdict of "housebreaking" under a finding of "housebreaking and larceny" on an indictment charging: (1) breaking and entering a storehouse with intent to steal, (2) burglary, (3) petit larceny, does not find defendant guilty of a crime.

Before WILSON, J., Lexington, September, 1909. Reversed.

Indictment against Ralph Clark for housebreaking, burglarly and larceny. From sentence, defendant appeals.

*Messrs. E. L. Asbill* and *W. H. Sharpe,* for appellant. *Mr. Asbill* cites: *Charge as to evidence of an accomplice is on the facts:* 48 S. C., 148; 38 S. C., 31; 60 S. C., 527; 83 S. C., 37.

*Solicitor George Bell Timmerman,* contra, cites: *Error in charge, if favorable to defendant, is not reversible error:* 50 S. C., 52, 104; 51 S. C., 225.

March 17, 1910. The opinion of the Court was delivered by

Mr. Justice Hydrick. The indictment upon which the defendant was convicted contained three counts: 1. For breaking and entering the storehouse of M. E. Rutland, with intent to steal. 2. For burglary. 3. For petit larceny.

The finding of the grand jury was: "True bill, house-breaking and larceny. As to burglary, no bill."

The verdict of the petit jury was: "We find him guilty of housebreaking." From sentence upon this verdict, defendant appeals.

On cross-examination of M. E. Rutland, the prosecutor, defendant's attorney asked him who had access to his store. He named, amongst others, Tom Lanus. He was then asked: "That is the same negro that Chief Darby shot at in his barn?" He was also asked: "You are being sued here in this Court now, are you not?" On objection the witness was not allowed to answer either of these questions. The relevancy of the testimony sought was not made to appear, and we cannot say there was error in excluding it.

When Darby, the chief of police, was being examined, he testified that he searched the house of Mrs. Rankin, the mother of defendant, with whom he lived, under a warrant sworn out for her residence. Later in his examination he was asked: "You say this search warrant was directed against Mrs. Rankin's residence?" Defendant's attorney said: "If the Court please, I have not objected to this matter, but I think the search warrant itself is the highest evidence." The Court: "He can state that fact anyway." This ground cannot be sustained. 1. Because the fact had already been testified to, without objection. 2. Because no objection was made. 3. Because the testimony was unobjectionable.

When defendant was arrested a number of keys were found on his person—amongst others, some skeleton keys. which the officer said opened the doors of a number of

houses in the town. These keys were admitted in evidence, over defendant's objection. While there was no testimony that these keys would unlock the door of the building alleged to have been broken and entered, and while the testimony tended to show that the entry had been made through a window, still, on a charge of this kind, the possession by the defendant of skeleton keys is a relevant fact. The weight of it was for the jury. The relevancy of testimony is largely within the discretion of the trial Judge.

Two persons, who said they were with defendant at the time of the breaking, one of whom testified that he was an accomplice of the defendant, were witnesses for the prosecution. Upon the weight to be given the testimony of an accomplice, his Honor charged the jury, in part, as follows: "Now, there is another rule of law, and that is, as to the testimony of an accomplice; that is, the testimony of a party who admits that he participated in the crime, and the rule is this: Our Supreme Court has said, as I understand it, that the Judges shall charge the jury this: That it is unsafe to convict a party on the uncorroborated testimony of an accomplice; and it goes on further and so holds, that notwithstanding the fact that it is the duty of the Judge to charge that, yet if the jury trying the case is convinced of the truthfulness of what the accomplice says, although the accomplice admits that he participated in the crime, but that he turns State's evidence, if the jury believe what he says, and see fit to convict on such evidence, then, if the Judge refuse to set the verdict aside, the Suprme Court will let it stand. Very often it is hard indeed to make out a charge against a party accused of crime without bringing in an accomplice; sometimes the State is put to that necessity, sometimes it is necessary to do that; our lawmakers have seen fit to make that law, and that is now one of the rules laid down in the books; sometimes the State cannot make out a case without doing this; a most out-

rageous crime may be committed, and if it were not for the
fact that an accomplice may be used, criminals sometimes
would be allowed to go scot free.    While the law is that it·
is unsafe to convict on the uncorroborated testimony of an
accomplice, yet if the jury see fit to believe the accomplice,
and render a verdict of guilty, and the Judge trying the case
does not set the verdict aside, the Supreme Court will let
it stand.    You should weigh the testimony of an accomplice
with a great deal of caution and with a great deal of care;
if a man goes on the stand and says he is going to tell the
truth, and you believe him, believe it is true, then give his
testimony proper weight; you must weigh the testimony of
an accomplice with a great deal of caution and a great deal
of care.    I say the law in this respect is sensible and reason-
able."

The foregoing charge is excepted to on the ground that it
is a charge on the facts, in violation of section 26, article
V, of the Constitution, which says that "Judges shall not
charge juries in respect to matters of fact, but shall declare
the law."

The solicitor in his argument admits that, in his opinion,
the charge was upon the facts, but contends that, as it was
in favor of appellant, he cannot complain.

On the other hand, appellant's attorneys contend that it
was not beneficial, but prejudicial.    They argue that when
the Judge told the jury that, while it was unsafe to convict
on the uncorroborated testimony of an accomplice, still, if
the jury see fit to believe him, and render a verdict of guilty,
and the trial Judge does not set it aside, the Supreme Court
will let it stand, he charged the jury as to the weight and
sufficiency of the testimony of an accomplice.

How could a jury be more strongly impressed as to the
sufficiency of the testimony of an accomplice or the weight
which they are authorized by law to give to it, than by tell-
ing them, if they see fit to convict upon it, and the trial
Judge does not set aside their verdict, the Supreme Court

will let it stand? It is plainly expressing to them the opinion that such testimony is legally sufficient to warrant a conviction. Again, when the trial Judge charged, "a most outrageous crime may be committed, and if it were not for the fact that an accomplice could be used, criminals would sometimes be allowed to go scot free," he expressed the opinion that it is sometimes necessary for the protection of society, and to bring the guilty to justice, to convict upon the testimony of an accomplice.

It seems to us that the conclusion is logical and inevitable that such a charge is upon the facts. If the appellant had waived his right to have the Judge only declare the law, by requesting such a charge, he could not complain; but no such request was made. And, as we have seen in one view of the charge, it may have been construed to the prejudice of appellant.

We have recently held in *State* v. *Sowell, infra,* 278, that the Judge has no right to charge the jury as to the sufficiency or the weight to be given to the testimony of an accomplice.

The first count of the indictment is laid under section 145 of the Criminal Code, which is as follows: "Every person who shall break and enter, or who shall break with intent to enter in the day time, any dwelling house or other house, or shall break and enter, or shall break with intent to enter in the night time, any house, the breaking and entering of which would not constitute burglary, with intent to commit a felony or other crime of a lesser grade, shall be held guilty of a felony," etc.

Under this statute the mere breaking of a house is not a crime, nor is the mere *breaking and entering* of a house, or mere *breaking with intent to enter* a house any crime. It is only when there is a breaking and entering, or a breaking with intent to enter, *"with intent to commit a*

*felony, or other crime of a lesser grade,"* that the crime denounced by the statute is complete.

It follows that the finding of the grand jury, as to the first count of the indictment was not sufficient, and it follows also that the defendant could not have been legally sentenced on the verdict of the petit jury, as it did not find him guilty of a crime.

The other exceptions will not be considered, because the record does not show that any such points were made or decided in the Court below.

Judgment reversed.

MR. JUSTICE GARY *concurs in the result.*

MR. JUSTICE WOODS *concurs in the result on the ground last discussed in the opinion.*