7503

STATE v. SOWELL.

1. EVIDENCE—PAROL—CORPORATIONS—BURGLARY.—Proof of the *de facto* existence of a corporation and of its possession and ownership of property is sufficient in a prosecution for breaking and entering the storehouse of a corporation with intent to steal.
2. IBID.—ACCOMPLICE.—The jury may convict on the uncorroborated evidence of an accomplice.
3. CHARGE—IBID.—A Judge cannot express or intimate any opinion in his charge as to the weight or sufficiency of the testimony of an accomplice without violating the inhibition in the Constitution as to charging on the facts.
4. AMENDING PLEADINGS.—AN INDICTMENT charging breaking a storehouse with intent to steal in the day time should not be amended after trial begun so as to charge the breaking in the night time.
5. APPEAL.—Exceptions based on objections not appearing in the record to have been passed on by the trial Judge will not be considered here.

Before KLUGH, J., Lancaster ———— 1909. Reversed.

Indictment against John Sowell, William Gardner and Mac. Truesdale for housebreaking and larceny. From sentence, defendants appeal.

*Messrs.* ——————— for appellants.

*Attorney General J. Fraser Lyon, contra,* cites: *As proof of corporate existence:* 28 Ind., 322; 32 Col., 166; 49 Cal., 344. *Evidence of entries before and after one charged is competent here:* 168 N. Y., 292; 181 Mo., 189; 35 S. C., 340. *Rule as to evidence of an accomplice* (1) *at common law:* 26 S. C., 198; 48 S. C., 136; 60 S. C., 527; 3 Strob., 508; 29 S. C., 113: (2) *Under Constitution of 1868, art. IV, sec. 26:* 1 Ency., 399; 11 W. Va., 703; 21 W. Va., 757; 36 So., 396; 57 S. C., 483; 56 S. C., 531; 11 S. C., 275, 262; 15 S. C., 437; 26 S. C., 199; 29 S. C., 113; 48 S. C., 136: (3) *Under Constitution of 1895:* 60 S. C., 527; 83 S. C., 27; 74 S. C., 75; 38 S. C., 31; 47 S. C., 572.

March 17, 1910. The opinion of the Court was delivered by

MR. JUSTICE HYDRICK. The indictment charged the defendants with breaking and entering the storehouse of the Kershaw Grocery Company, a corporation under the laws of this State, in the day time, with intent to steal.

Parol testimony of the *de facto* existence of the corporation was properly admitted. The rule requiring the production of the best evidence to prove a fact in issue has some exceptions; one of them is that a matter which is merely collateral to the main issue may be proved by secondary evidence.

On trials for larceny, the ownership of the property must be correctly alleged, and proved as alleged. The reason for the rule is that the defendant may be able to plead the judgment in bar of a subsequent indictment for the same offense. The allegation of ownership is, therefore, merely descriptive

of the offense. Hence, proof of the *de facto* existence of the corporation, and of its possession and ownership of the property was sufficient for the purpose indicated.

In *State* v. *Smith*, 28 Ind., 322, the Court said: "A *de facto* existence of the corporation was only necessary to be shown. Surely the property of corporations not lawfully organized, though existing in fact, is not to be declared by this Court the legitimate prey of thieves, to be appropriated without criminal responsibility, unless overwhelming authority compels us so to declare." See also *State* v. *Grant*, 104 N. C., 908, 10 S. E., 554; *People* v. *Oldham*, 111 Cal., 648; 44 Pac., 312; *State* v. *Braithwaite*, 28 Neb., 832, 45 N. W., 247.

Amos Clark, the principal witness for the State, was an admitted accomplice, whose testimony was uncorroborated, at least as to the guilt of two of the appellants, who assign error to the Court in refusing to direct a verdict of acquittal, because the testimony of Clark was uncorroborated; and in not instructing the jury that they could not convict on his uncorroborated testimony.

If the uncorroborated evidence of an accomplice satisfies the jury of the guilt of one on trial, beyond a reasonable doubt, they may convict upon such testimony. *State* v. *Brown*, 3 Strobh., 508; *State* v. *Scott*, 15 S. C., 434; *State* v. *Prater*, 26 S. C., 198, 2 S. E., 108; *State* v. *Green*, 48 S. C., 138, 26 S. E., 234.

With regard to the testimony of an accomplice, the Court instructed the jury, in part, as follows: "Human experience has found that the testimony of a man who says that he is the accomplice of somebody else in crime, that is, that he is a confessed criminal, is not testimony of the highest credibility, because it comes from a person confessing that he is guilty of committing a crime, and only needs the judgment of the law that he is a felon to debar him from giving testimony. The testimony of a person of that sort must come with more or less doubt as to

the worthiness of the party who makes it, to credence, to belief.  So, as I said, the experience of ages in the administration of the law and the examination of questions of fact, is that it is not a safe thing for juries to convict on the unsupported testimony of an accomplice.  Yet it is wholly a matter for the jury.  If you had no other testimony but that of the accomplice, and you believe it, are satisfied beyond all reasonable doubt by it, it is perfectly competent for you to convict on that sort of evidence.  If the testimony of the accomplice is corroborated by other evidence, as a matter of course it becomes very much stronger.  If it lacks corroboration, it is weak, according to human experience."

This charge was too favorable to appellants.  Previous to the adoption of the Constitution of 1868, the judges had the power to charge juries with respect to the facts as well as the law.  The practice then prevailed, as it did in England, and in nearly all the States where the common law powers of the judges had not been restricted by the Constitution or statutes, for the Judge to advise the jury that it was not safe to convict upon the uncorroborated testimony of an accomplice.  But, even then, if the testimony of the accomplice satisfied the jury of the guilt of the accused beyond a reasonable doubt, and, notwithstanding the caution of the Judge, they return a verdict of guilty, it was held to be legal. *State* v. *Brown, supra.*  This rule of practice was so well settled and uniformly followed, that it has been continued to the present time, notwithstanding the provision of the Constitution of 1868, that "judges shall not charge juries in respect to matters of fact, but may state the testimony and declare the law," and the still greater restrictive provision of the Constitution of 1895, that "judges shall not charge juries in respect to matters of fact, but shall declare the law," upon the assumption, we suppose, that it is a rule of law.

The practice of so advising juries has been incidentally before the Supreme Court in several cases tried under the Constitutions of 1868 and 1895, and, in some of them it seems to have received the sanction of the Court. *State* v. *Scott,* 15 S. C., 434; *State* v. *Prater,* 26 S. C., 198, 2 S. E., 108; *State* v. *Lee,* 29 S. C., 113, 7 S. E., 44. In *Green's case,* 48 S. C., 136, 26 S. E., 234, the right of the trial Judge to so advise the jury was seriously questioned. In *Meares' case,* 60 S. C., 527, 39 S. E., 245, the right of the defendant to have the Judge so instruct the jury was denied. The question whether the Judge can so advise the jury, without violating the inhibition of the Constitution above quoted, has not yet been decided. And it is not strange that it has not, because the judges have almost invariably so advised the juries, and, as it was favorable to the defendants, they could not take advantage of it on appeal, and the State could not appeal from a verdict of acquittal.

In *Green's case, supra,* it was said to be a rule of practice, and not a rule of law; and so it seems to be regarded by the greater weight of authority, 1 Enc. L. & P., 576. If it were a rule of law that the testimony of an accomplice should be corroborated, a conviction upon the uncorroborated testimony of an accomplice would be unlawful, which we have seen is not the case.

The provisions of the Constitutions of 1868 and 1895, prohibiting judges from charging juries in respect to matters of fact, have been interpreted and applied by this Court in so many cases that it is unnecessary to do more than refer to a few of them, to show that the trial Judge cannot say to the jury that it is unsafe to convict upon the uncorroborated testimony of an accomplice, or that such testimony is lacking in weight or credibility, or express or intimate any opinion as to the weight or sufficiency, without violating the Constitution.

In *State* v. *White,* 15 S. C., 392, the Court said: "The real object of this clause of the Constitution is to leave the

decision of all questions of fact to the jury exclusively, uninfluenced by any expression of opinion by the Judge, whose position would naturally add great weight to any opinion he might express upon any question of fact arising in a case."

In *State* v. *Howell,* 28 S. C., 255, 5 S. E., 617, the Court said : "The jury must be left perfectly free in reaching a conclusion upon the testimony introduced, untrammelled by any intimation from the Judge as to whether a certain fact at issue has been proved or not."

In *Norris* v. *Clinkscales,* 47 S. C., 513, 25 S. E., 797, the Court said: "A Judge violates this provision when he expresses in his charge his own opinion upon the force and effect of the testimony, or of any part of it, or intimates his views of the sufficiency or insufficiency of the evidence, in whole or in part." See also *State* v. *Mitchell,* 56 S. C., 524, 35 S. E., 210.

Under our Constitution, the force and effect, or weight and sufficiency of testimony must be left exclusively to the jury, uninfluenced by any expression or intimation of opinion thereof by the Circuit Judge, who, however, has the power to correct any error into which they may fall in the exercise of his discretion to grant new trials.

The indictment was laid under section 145 of the Criminal Code, which reads as follows: "Every person who shall break and enter, or who shall break with intent to enter, in the day time, any dwelling house or other house, or who shall break and enter, or shall break with intent to enter, in the night time, any house, the breaking and entering of which would not constitute burglary, with intent to commit felony or other crime of a lesser grade, shall be held guilty of a felony," etc.

The indictment alleged the offense to have been committed in the day time. The proof was that it was committed in the night time. A motion to direct a verdict of acquittal

on the ground of variance was refused, and the indictment was amended to conform to the evidence.

In *State* v. *Bouknight,* 55 S. C., 353, 33 S. E., 451, it was held that section 145 *supra,* "creates two distinct and different offenses, though both belong to the same class of felonies, and are punishable in the same way;" and that, where both offenses are charged in separate counts in the same indictment, the solicitor may be required to elect upon which he will go to trial. The time of its commission is, therefore, of the essence of the offense. What would be the advantage of requiring an election, if the count upon which the trial proceeds can, by amendment as to the time after the proof is in, be substituted for the count rejected? Section 58 of the Criminal code permits "any defect in form" in any indictment to be amended, "provided such amendment does not charge the nature of the offense charged." The two offenses being distinct and different, the amendment not only changed the nature of the offense charged, but substituted an entirely different one for the one charged, and was, therefore, a violation of the rights of the accused, guaranteed by section 17 of article I of the Constitution, which says: "No person shall be held to answer for any crime where the punishment exceeds a fine of one hundred dollars or imprisonment for thirty days, with or without hard labor, unless on a presentment or indictment of a grand jury," etc.

The grand jury had not presented or indicted the defendants for the offense for which they were tried and convicted.

The other points made by the exceptions will not be considered, because the objections upon which they are based do not appear by the record to have been ruled upon by the Circuit Court.

Judgment reversed.

MR. JUSTICE GARY *concurs in the result.*