10295

## STATE v. WHALEY AND TUCKER.

(101 S. E. 568.)

1. RECEIVING STOLEN GOODS—EVIDENCE JUSTIFYING INFERENCE OF GUILTY PARTICIPATION.—Evidence *held* sufficient to justify inference of a defendant's guilty participation in the crime of receiving stolen goods.

2. CRIMINAL LAW—CONVICTION MAY REST ON UNCORROBORATED ACCOMPLICE TESTIMONY.—The uncorroborated testimony of accomplices is sufficient in law to sustain conviction of an offense.

3. CRIMINAL LAW—INSTRUCTION ON ACCOMPLICE TESTIMONY NOT ON FACTS.—In a prosecution for receiving stolen goods, statement of the Court in instructing that it had been suggested that no one could be convicted on the uncorroborated testimony of an aaccomplice, but that such was not the law, and it was for the jury to determine what weight should be given the testimony of any witness, whether an accomplice or any other, *held* not erroneous as a charge on the facts, in that the jury were instructed that the testimony of an accomplice was as good as that of any other witness.

4. CRIMINAL LAW—LENGTH OF SENTENCE DISCRETIONARY WITH TRIAL COURT.—Within the limits prescribed by statute, the length of sentence imposed is entirely within the discretion of the trial Court, and the Supreme Court cannot review sentence to three years imprisonment for receiving stolen goods of the value of only $40.

5. CONSTITUTIONAL LAW—REGULATION OF PENALTIES WITHIN LEGISLATIVE DISCRETION.—Defendants, convicted of receiving stolen goods exceeding $20 in value, cannot complain of the legislature's policy in providing only imprisonment without alternative fine for the offense, and in allowing the imposition of a much greater punishment for receiving stolen goods above the value of $20 than where their value is less than that amount; the matter being for legislative and not judicial consideration.

Before MOORE, J., Calhoun, Fall term, 1917.    Affirmed.

Edward Whaley and Nick Tucker were convicted of receiving stolen goods, and they appeal.

*Messrs. Raysor & Summons, Wolfe & Berry* and *J. A.. Merritt,* for appellants.

*Edward C. Mann, Solicitor,* for the State.

December 22, 1919.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

Appellants were convicted of receiving stolen goods on the uncorroborated testimony of two accomplices, and were sentence to three years imprisonment. Tucker contends that, even if the uncorroborated testimony of accomplices is sufficient to warrant conviction, the evidence was insufficient to sustain the verdict as to him.

Joseph Jones, one of the accomplices, testified that Tucker was the driver of Whaley's wagon, and came with Whaley, in the nighttime, to the place in the woods, where the stolen goods (five sacks of nitrate of soda, worth forty-odd dollars) were delivered to Whaley and put into his wagon and carried off by them, and at the time he told Whaley, in the presence of Tucker, that Daniel Pauling, another accomplice, said that he (Whaley) must meet him in town the next day and pay him for the fertilizer. We think the testimony was sufficient to justify the inference of Tucker's guilty participation in the crime.

Both appellants contend that the uncorroborated testimony of the accomplices, Jones and Pauling, was not sufficient in law to sustain their conviction. That contention is overruled on the authority of *State v. Sowell,* 85 S. C. 278, 67 S. E. 316, and cases there cited

The Court said to the jury in the charge that it had been suggested (presumably in argument to the Court or jury) that no one could be convicted on the uncorroborated testimony of an accomplice, but such was not the law, and that it was for the jury to determine what weight should be given the testimony of any witness, whether an accomplice, or any other. Appellants complain of this as a charge on the facts, in that the jury were thereby instructed that the testimony of an accomplice was as good as that of any other witness, and was to be treated upon the same footing as that of any other witness. The language

of the Court is not susceptible of that inference.    The Court correctly told the jury that they were the sole judges of the weight to be given to the testimony of any witness.    *State v. Sowell, supra.*

Error is imputed in imposing a sentence of three years imprisonment in a case like this, where the value of the property stolen was so small.    Within the limits prescribed by statute, the length of sentence imposed is entirely within the discretion of the trial Court, and is not reviewable by this Court.

The ·other ground of appeal complains, not of any error of the trial Court, but of the policy of the legislature, because the statute under which appellants were convicted provides only for imprisonment, without alternative fine, and because it allows the imposition of so much greater punishment for receiving stolen goods above the value of $20 than where they are under $20 in value, in which case the punishment is imprisonment for not exceeding 30 days, or fine, not exceeding $100.    That is a matter for legislative and not judicial consideration.

Judgment affirmed.