13509

STATE v. McADAMS *ET AL.*

(166 S. E., 405)

*Messrs. J. M. Nickles* and *K. P. Nickles,* for appellants,

*Messrs. H. S. Blackwell, Solicitor,* and *Greene & Greene,* for respondent,

November 10, 1932.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

The defendants, McAdams, Matthews and Lancaster, along with two others, Kelly and Jamison, were indicted at the January, 1932, term of Court of General Sessions for Abbeville County. They were charged in the first count of the indictment with conspiracy to commit robbery, housebreaking, and felonious assault, and in the second count with conspiracy to steal and with assault and battery with intent to kill. Jamison and Kelly were not put on trial. The jury found Matthews and Lancaster guilty on both counts, and McAdams guilty on the first count and guilty of simple assault on the second count. Each of these defendants, after the presiding Judge had refused a motion for a new trial, was sentenced to imprisonment for a period of five years. They now come to this Court on appeal.

Before the appellants were arraigned, their counsel made a motion to quash the indictment, as to both the first and second counts, on the ground of "multiplicity or duplicity of charges" in each of the counts. This motion was overruled. Counsel for the appellants then stated that they desired to have an understanding with the solicitor as to what the defendants were charged with, in response to which the solicitor announced: "We are going to trial on the first count, conspiracy to commit robbery; second count, assault and battery with intent to kill."

The appellants now complain that the Court was in error in refusing their motion to quash the indictment on the ground stated, for the reason that they were unable to know

or determine the exact crime with which they were charged or how to defend or answer against the charges made.

We have carefully read the indictment. In brief, the first count charges that the defendants conspired and confederated together to forcibly steal the money and goods of the prosecutrix, and that, in pursuance of such conspiracy, they did break and enter her home and assault her with intent to steal and carry away her goods and chattels. The second count charges that the defendants conspired and agreed together to forcibly steal the goods and chattels of the prosecutrix, and that, in pursuance of such conspiracy, they committed an assault upon her with intent to kill her. The State contends that it does not necessarily follow that by reason of the allegations as to the overt acts actually committed, any additional charge was made in the indictment upon which the defendants might be put on trial.

Testimony for the State tended to show that the defendants resided in the City of Atlanta, Ga., and that the conspiracy alleged in the indictment was entered into in that city; that three trips were made to Abbeville, S. C., in pursuance of the alleged conspiracy, the defendant McAdams accompanying some of the others on the first trip; that on the last trip the defendants, except McAdams, entered the home of the prosecutrix and undertook to open a safe in the house, which they were, however, unable to do; that the prosecutrix and Mrs. Bowie, the only occupants of the place, were bound and gagged; and that Mrs. McAdams, the prosecutrix, was struck over the head with a pistol producing a wound from which blood flowed, and that Mrs. Bowie died some days thereafter, although it appears she suffered no violence at the hands of the defendants other than being bound and gagged. According to the testimony of the defendant McAdams, at the time the alleged assault with intent to rob was committed, he was in the City of Atlanta. Kelly and Jamison, the two defendants who were not tried, testified for the State, admitting their

participation in the alleged offenses implicating the three defendants on trial.

It is evident that in order to convict McAdams in Abbeville County on a charge of conspiracy, it was necessary for the State to prove that some overt act was committed there by some one of the conspirators pursuant to the conspiracy made in Atlanta to which McAdams was a party; and for that reason it appears that the State in its indictment alleged not only the conspiracy but also the commission of the overt acts pursuant thereto. As held by the trial Judge, we think this could properly be done.

In 5 R. C. L., 1076, we find the following: "A prosecution may be brought against conspirators in the county where the illegal combination or agreement was entered into. On the other hand, if an overt act in pursance of the conspiracy is committed in a jurisdiction other than that where the combination was made, the conspirators may be prosecuted in the place where the overt act was committed. The law considers that wherever the conspirators act there they continue their agreement, and this agreement is continued as to all whenever any one of them does an act in furtherance of their common design."

However, should it be thought that we are wrong in this, it is clear that the defendants in the case at bar, in view of the understanding they had with the solicitor at the beginning of the trial, suffered no harm. As we have pointed out, the solicitor at that time stated that the charge in the first count upon which appellants would be tried was conspiracy to commit robbery, and in the second assault and battery with intent to kill. This understanding having been reached, the trial proceeded, with the approval of the Court, in conformity therewith.

We think the agreement or understanding necessarily had the effect of striking from the first count of the indictment everything except those allegations applicable to the offense of conspiracy at common law, and from the

second all allegations not applicable to the crime of assault and battery with intent to kill. As the case was tried on the understanding that each count in the indictment charged only one specific crime, the defendants' objections were satisfied. The appellants, therefore, cannot now properly complain that their rights were prejudiced by the Court's refusal to quash the indictment on the ground made. See *State v. Ameker*, 73 S. C., 330, 53 S. E., 484, relied upon by the State in support of its position.

The following, in substance, appears in the record of the case: The State called as one of its witnesses William Bryant, a boy about fourteen years of age. After Bryant was sworn, the presiding Judge excused himself and went to his adjoining chambers. The sheriff thereupon approached the witness, who was sitting in the witness box, and talked with him about the case, in a low tone of voice, in the presence of the jury. When the Judge returned, the defendants' counsel asked permission to be allowed to examine the witness with regard to the conversation he had had with the sheriff in the absence of the Court. The request was granted, and in response to the questions of counsel, the witness testified that the sheriff had not pointed out the defendants to him, but had asked him if he could identify them, and that he had told him he could. It seems that counsel was satisfied with the answers made, and the trial proceeded without objection.

The appellants, by exception, now urge that the Court committed error in absenting himself from the courtroom while the trial was in progress, and in permitting the sheriff to talk to the sworn witness, in the absence of the Judge and in the presence of the jury, relative to the testimony such witness was about to give against the accused.

There are several reasons why the exception cannot be sustained. In the first place, it does not appear that any motion was made by appellants' counsel to disqualify the witness, or to take the case from the jury, or otherwise. In

the second place, while it was improper during the progress of the trial for the sheriff or any other officer of the Court, or any one else, to approach a sworn witness and to talk to him about the case being tried, or otherwise, except in the presence of the Judge and with his permission, it does not appear in the case at bar, from the answers of the witness to the question propounded by counsel, that any harm resulted to the appellants; there is no suggestion that the sheriff indicated to the witness what he should swear or which persons were the defendants in the case. No good reason is made to appear why the Court should reverse the judgment on this ground.

This statement also appears in the record: "On the following morning and a few minutes before the trial of the case charging the appellants with conspiracy to· rob was commenced, the appellants were arraigned on the murder indictment in the presence of the entire jury summoned for that term of Court." The indictment referred to, as it appears in the record of this case, charged the defendants, pursuant to a conspiracy to steal and carry away the goods of Mrs. Newt McAdams, with entering her home and there, with malice aforethought, inflicting upon one Mrs. Mary Bowie a wound from which she died. The appellants impute error to the trial Judge in permitting the solicitor to hand out this indictment against the defendants, and to swear witnesses in that case before the grand jury in the presence of the petit jury.

The exception raising this question cannot be sustained. If it should be required to send from the courtroom the entire petit jury every time a witness is sworn in a case about to be submitted to the grand jury, or every time a grand jury reports out a bill found upon an indictment submitted to it to be passed upon, the work of the Court would be clearly hampered, and the trial of cases would be made difficult as long as the grand jury should be in session.

The appellants rely upon the case of *State v. Ashley*, 128 S. C., 411, 123 S. E., 260, as supporting their contention.

In that case, on cross examination of the defendant, who was charged with violation of the prohibition law, the solicitor attempted to show that another indictment was pending against him for handling whisky. Upon objection, the Court did not allow the testimony. Later, during the progress of the trial, the indictment referred to in the question of the solicitor "was handled by the swearing of a witness thereon for the grand jury in the presence of the petit jury trying the case" then being heard against the defendant. The defendant was convicted, and on appeal this Court, in reversing the judgment, said: "There can be no doubt that the effect was to get before the trial jury the very fact which had been excluded as admissible evidence." However, the decision in that case, if sound, is not controlling in the case at bar. The appellants here, at the time the indictment in the murder case was handed out, had not been put on trial; and no question was asked during the progress of the trial, so far as the record shows, as to whether any such indictment was pending against the defendants. Furthermore, it does not appear that counsel for appellants, upon the call of the case, made any effort to determine whether any member of the petit jury present was prejudiced on account of the facts stated. While the trial Judge should be careful to protect the rights of defendants on trial charged with crime, we see no error in the present case in the Court's receiving the report of the grand jury upon the indictment charging murder, at the time and in the manner it was received.

There was no error, as complained of, in the failure of the trial Judge to tell the jury what sentence under the law he could give the appellants if they were convicted of the offenses charged in the indictment. While this is usually done, and properly so, where the charge made is of a serious nature and the punishment is severe, we know of no law, and none has been cited us, requiring the presiding Judge to do so. If appellants' counsel desired this to be done, they should have made it known to the trial Judge by

proper request. However, as the record shows, not only did they not do so, but at the close of the general charge, when asked by the Court if there was anything he had left out, replied: "No, sir; your Honor has covered it."

The appellants also complain of the Court's refusal ██ to charge their first request, as follows: "Although the testimony of a coconspirator is always admissible, it must be scrutinized with care. And although this is not a positive rule of law, yet juries are generally cautioned that there ought not to be a conviction on such testimony without corroboration, and the corroboration must come from other evidence in the case aside from the testimony of other coconspirators. The weight to be attached to such evidence is for the jury alone who must consider it in view of the other evidence and reach their conclusion on a view of the whole case."

To have charged the request would have been in effect to instruct the jury that they ought not to convict on the uncorroborated testimony of an accomplice, and that such corroboration should come from other evidence in the case and not from the testimony of other coconspirators. This would have been a charge on the facts in violation of Section 26 of Article 5 of the Constitution, which declares that "Judges shall not charge juries in respect to matters of fact, but shall declare the law." See *State v. Clark*, 85 S. C., 273, 67 S. E., 300; *State v. Sowell*, 85 S. C., 278, 67 S. E., 316. The law with regard to the testimony of an accomplice is the same as to the testimony of any other witness in the case. *State v. Weldon*, 89 S. C., 308, 71 S. E., 828.

The defendant McAdams, as stated by counsel for ██ appellants, appealed only from the sentence of the Court. This defendant was convicted, as we have already indicated, on the first count in the indictment and on the second count of simple assault and battery, and was sentenced to imprisonment for five years. His contention is that he was tried under Section 1380 of the Code of 1932,

which provides that all persons convicted of the offense created by that section shall be deemed guilty of a felony and shall "be fined not less than one hundred dollars or more than two thousand dollars, or be imprisoned not less than six months or more than three years, or both, at the discretion of the Court; and shall thereafter be ineligible to, and disabled from, holding any office of honor, trust, or profit in this State."

It is to be observed that the offense created by Section 1380 is purely a statutory one intended to protect citizens in their civil and political rights; this section does not abrogate the law of conspiracy in this State and has no reference whatever to conspiracy to commit offenses punishable at common law. See *State v. Ameker, supra*. In the case at bar, it is clear that the first count in the indictment, on which McAdams was found guilty, charged the common-law offense of conspiracy. The contention, therefore, that the Court committed error in giving him a sentence exceeding three years and one month is without merit. The trial Judge, in the exercise of his discretion, could properly impose a sentence of five years. See Section 1034 of the Code of 1932.

The appellants say by their sixth exception that "his Honor erred in not granting defendants' motion for a new trial on the grounds set out in the foregoing exceptions." The question raised is not properly before this Court, as the grounds of the motion are not set out in the record of the case. We have considered the exception, however, and find it to be without merit.

The judgment of the Circuit Court is affirmed.

MR. CHIEF JUSTICE BLEASE, MESSRS. JUSTICES CARTER and BONHAM and MR. ACTING ASSOCIATE JUSTICE W. C. COTHRAN concur.