14361

STATE v. MELTON *ET AL.*

(188 S. E., 133)

Before MERCHANT, J., County Court, Spartanburg, November, 1935.

*Messrs. Thompson & Burts,* for appellants,

*Mr. J. Allen Lambright, County Solicitor,* for the State.

October 26, 1936.

The opinion of the Court was delivered by MR. JUSTICE BAKER.

We will adopt the statement as contained in the transcript of record in this appeal, which is as follows: •

"Horace Melton, K. O. Byers and George Poole were jointly indicted for housebreaking, larceny and receiving stolen goods. George Poole plead guilty to the indictment, and testified for the State in the trial of Horace Melton and K. O. Byers in the November term of the Spartanburg County Court.

"Melton and Byers were convicted of housebreaking, and Judge Merchant overruled defense motion for arrest of judgment and set aside the jury's verdict, and sentenced Horace Melton and K. O. Byers to twelve months hard labor upon the public works of Spartanburg County, or a like term in the State penitentiary. The defendants have appealed."

The first four exceptions relate to the refusal of the trial Judge to direct a verdict as to larceny, housebreaking with intent to commit a crime, and receiving stolen goods, but under our view of the case, it is unnecessary to consider any of these exceptions.

Exception 5 charges error in refusing·a motion for arrest of judgment and setting aside the verdict on the ground that housebreaking is not a crime.

The verdict of the jury, without doubt, eliminated the counts in the indictment charging larceny and receiving stolen goods, and while the statement shows that the appellants were indicted for housebreaking, we assume that the indictment charged the breaking and entering of a house in the night-time with intent to commit a felony or other crime of a lesser grade. There is, of course, no such crime as housebreaking, or that is, the mere breaking and

484

entering a house is not a crime under Section 1139 of the Code of 1932.

In charging the jury, the trial Judge, in reference to the Court in the indictment for the breaking and entering of a house with intent to commit a felony or a lesser grade of crime, read said Section 1139 following his statement that the appellants were charged with housebreaking, and that it was defined by the Code as *per* the section read. Immediately following this, however, the trial Judge had this to say: "It is house-breaking if I go to a house and the door is left partly open but yet not wide enough for me to enter without opening it a little wider, and I do that—it would constitute house-breaking. Any force to enter, however slight, is house-breaking."

The verdict of the jury, written on the indictment, contained simply the word "Housebreaking."

Upon the publishing of the verdict, counsel for appellants made a motion before the trial Judge for arrest of judgment and to set aside the verdict on the ground that housebreaking is not a crime.

The case of *State v. Clark,* 85 S. C., 273, 67 S. E., 300, 302, is on all fours with the case at bar, and is decisive of the question before the Court, from which we quote:

"The first count of the indictment is laid under Section 145 of the Criminal Code, which is as follows: * * *

"Under this statute, the mere breaking of a house is not a crime, nor is the mere breaking and entering of a house, or the mere breaking with intent to enter a house any crime. It is only when there is a breaking and entering, or a breaking with intent to enter, 'with intent to commit a felony, or other crime of a lesser grade' that the crime denounced by the statute is complete.

"It follows that the finding of the grand jury, as to the first count of the indictment, was not sufficient; and it follows, also, that the defendant could not have been legally sentenced on the verdict of the petit jury, as it did not find him guilty of a crime."

Judgment reversed.

MR. CHIEF JUSTICE STABLER, MESSRS. JUSTICES BON-
HAM and FISHBURNE and MR. ACTING ASSOCIATE JUSTICE
GASTON concur.