513 S.E.2d 840

**Raymond WEINHAUER, Petitioner,**

**v.**

**STATE of South Carolina, Respondent.**

**No. 24909.**

Supreme Court of South Carolina.

Submitted Jan. 21, 1999.

Decided March 1, 1999.

Rehearing Denied April 8, 1999.

328

Assistant Appellate Defender M. Anne Pearce, of South Carolina Office of Appellate Defense, of Columbia, for petitioner.

Attorney General Charles Molony Condon; Deputy Attorney General John W. McIntosh; and Assistant Deputy Attorney General Teresa A. Knox, all of Columbia; Assistant Attorney General Barbara M. Tiffin, of Greenville, for respondent.

TOAL, Acting Chief Justice:

In this application for post-conviction relief ("PCR"), the PCR court dismissed petitioner's case. We reverse.

### FACTUAL/PROCEDURAL BACKGROUND

On January 4, 1994, a Sumter County grand jury indicted petitioner Raymond Weinhauer, Jr., for numerous criminal offenses including first and second degree burglary. On

January 28, 1994, petitioner pleaded guilty to several counts in the indictment including two counts of second degree burglary.

Count six of the indictment, as presented to the grand jury, stated:

*Burglary—First Degree*—That one RAYMOND WARREN WEINHAUER, JR. did in Sumter County on or about October 26, 1992, wilfully and unlawfully enter the dwelling of Scott Stone without consent and with intent to commit a crime therein, and the defendant entered or remained therein in the nighttime.

Count eight of the indictment stated:

*Burglary—Second Degree*—That one CHARLES ANTHONY OWENS and one RAYMOND WARREN WEINHAUER, JR. did in Sumter County between November 13 and November 16, 1992, wilfully and unlawfully enter the dwelling of James S. Cofer at Huntington Place Apartments without consent and with intent to commit a crime therein.

At the guilty plea proceeding, the solicitor orally amended the indictment, stating: "On the indictment on count six, it says burglary first degree. My investigation of the facts determined that that is not in fact a burglary first degree. It is a burglary second degree. It is a house in the daytime and he is pleading to a nonviolent on that. Count eight does not say it is a nighttime burglary but it is, and he is pleading guilty to a nighttime burglary on that as a violent crime." Petitioner's attorney made no objection. Petitioner did not appeal.

On July 18, 1994, petitioner filed an application for PCR. Following an evidentiary hearing, the PCR court dismissed petitioner's application. In February 1997, petitioner sought from this Court a writ of certiorari to consider the following issue:

Whether the trial judge lacked subject matter jurisdiction to convict and sentence petitioner for second degree burglary, violent, where the indictment failed to state an aggravating circumstance under S.C.Code Ann. § 16–11–312(B) (Supp. 1997)? [1]

---

1. Although this issue was not raised to the PCR court, we may consider it on appeal since matters of subject matter jurisdiction may be raised

## LAW/ANALYSIS

■ Petitioner argues that the trial court lacked subject matter jurisdiction to convict and sentence him for second degree burglary, violent, where the elements of such offense were not included in count eight of the indictment to the grand jury. We agree.

The offense of second degree burglary is codified at S.C.Code Ann. § 16–11–312 (Supp.1998), which provides two definitions of the offense, subsections (A) and (B). Subsection (A) defines second degree burglary as entering a dwelling [2] without consent and with intent to commit a crime therein. S.C.Code Ann. § 16–11–312(A). Under subsection (B), a person is also guilty of second degree burglary if he enters a building [3] without consent and with intent to commit a crime therein, and where the burglary involves one of several enumerated aggravating circumstances, one of which is "nighttime" burglary. S.C.Code Ann. § 16–11–312(B).

Second degree burglary, as defined in subsection (B), is specifically listed as a violent offense under S.C.Code Ann. § 16–1–60 (Supp.1998). Conversely, second degree burglary under subsection (A) is classified as a nonviolent offense. *See* S.C.Code Ann. § 16–1–70 (Supp.1998). Petitioner argues that when the solicitor orally amended count eight of the indictment, she changed the nature of the offense by including the aggravating circumstance of "nighttime" burglary. This, in turn, changed the classification of the offense from the non-

---

at any time. *Carter v. State,* 329 S.C. 355, 495 S.E.2d 773 (1998); *Hope v. State,* 328 S.C. 78, 492 S.E.2d 76 (1997).

**2.** " 'Dwelling' means its definition found in § 16–11–10 and also means the living quarters of a building which is used or normally used for sleeping, living, or lodging by a person." S.C.Code Ann. § 16–11–310(2) (Supp.1998).

**3.** S.C.Code Ann. § 16–11–310(1) (Supp.1998) defines "Building" in the following manner:

"Building" means any structure, vehicle, watercraft, or aircraft:
(a) Where any person lodges or lives; or
(b) Where people assemble for purposes of business, government, education, religion, entertainment, public transportation, or public use or where goods are stored. Where a building consists of two or more units separately occupied or secured, each unit is deemed both a separate building in itself and a part of the main building.

violent form of second degree burglary to the violent form, i.e., second degree burglary as defined under subsection (B). Petitioner further notes that by changing the offense from nonviolent to violent, he will have to serve one-third of his sentence before being eligible for parole, as opposed to one-fourth of the sentence under the nonviolent form.[4]

Pursuant to S.C.Code Ann. § 17–19–100 (1985), "If (a) there be any defect in form in any indictments or (b) on the trial of any case there shall appear to be any variance between the allegations of the indictment and the evidence offered in proof thereof, the court before which the trial shall be had may amend the indictment (according to the proof, if the amendment be because of a variance) *if such amendment does not change the nature of the offense charged.*" (emphasis added). Thus, the question presented on this appeal is whether the amendment changed the nature of the offense charged.

In *State v. Sowell,* 85 S.C. 278, 67 S.E. 316 (1910), the defendant was indicted under section 145 of the South Carolina Criminal Code of 1902, which provided:

Every person who shall break and enter, or who shall break with intent to enter, in the *daytime,* any dwelling house or other house, or who shall break and enter, or who shall break with intent to enter in the *nighttime,* any house, the breaking and entering of which would not constitute a burglary, with intent to commit a felony or other crime of a lesser grade, shall be guilty of a felony, and punishable at the discretion of the court by imprisonment in the county jail or penitentiary for a term not exceeding one year.

---

4. S.C.Code Ann. § 16–11–312(C) provides that burglary under either subsection (A) or (B) is punishable by imprisonment for not more than fifteen years, provided that no person convicted of second degree burglary will be eligible for parole until service of *one-third* of the sentence. However, under S.C.Code Ann. § 24–21–610 (1989), for convictions of nonviolent crimes, an inmate is eligible for parole after serving *one-fourth* of the sentence. In *Hair v. State,* 305 S.C. 77, 406 S.E.2d 332 (1991), we held that since the Omnibus Crime Bill was enacted after section 16–11–312, subsection (C) of 16–11–312 had implicitly been repealed. Thus, a person guilty of the nonviolent form of second degree burglary would have to only serve *one-fourth* of his sentence to be eligible for parole, as opposed to the *one-third* for the violent form.

(emphasis added). In *Sowell*, the indictment stated that the offense had been committed in the "daytime." At trial, the indictment was amended to state that the offense was committed in the "nighttime." This Court noted that section 145 created two distinct and different offenses even though both belonged to the same class of felonies and were punishable in the same way.[5] The Court held that the amendment was improper because it changed the nature of the offense as originally charged in the indictment. *Sowell, supra; see also State v. Sweat,* 221 S.C. 270, 70 S.E.2d 234 (1952).

In the instant case, count eight of the indictment properly set out the elements for second degree burglary under section 16–11–312(A) ("person enters a dwelling without consent and with intent to commit a crime therein."). The solicitor amended count eight to state that the offense was committed at "nighttime." According to the solicitor, petitioner pleaded guilty to second degree burglary, violent, as defined under section 16–11–312(B) ("person enters a building without consent and with intent to commit a crime therein, and ... (3) the entering or remaining occurs in the nighttime.").

We hold that by amending the indictment, the solicitor changed the nature of the offense charged because the circumstance of "nighttime" burglary was material to charging Defendant with second degree burglary under subsection (B). *See Sowell, supra;* 41 Am.Jur.2d *Indictments and Informations* § 184 at 792 (1995) ("An indictment is not invalid merely for omitting or incorrectly stating the time or date of the alleged offense, if this information is neither material to the charged conduct nor necessary for the preparation of a defense."). Thus, the trial court did not have jurisdiction to accept petitioner's guilty plea of second degree burglary under count eight, as amended. *See Murdock v. State,* 308 S.C. 143, 417 S.E.2d 543 (1992) (the circuit court lacks jurisdiction to

---

**5.** In *State v. Bouknight,* 55 S.C. 353, 33 S.E. 451 (1899), this Court held that this section of the criminal code created the following two distinct and different offenses: (1) It is made a felony to break and enter, or to break with intent to enter, in the daytime, any house, whether it be a dwelling house, or a house of any other character, with intent to commit a felony, or other crime of lesser grade; and (2) it is likewise made a felony to break and enter, or break with intent to enter, in the nighttime, any house, except a dwelling house, or house within the curtilage of the dwelling house.

accept a guilty plea based upon a defective indictment). This would hold true regardless whether the amendment changed the penalty. *See Sowell, supra* (holding that the indictment could not be amended to replace "daytime" with "nighttime" even though the two offenses were punishable in the same way); *cf. Clair v. State,* 324 S.C. 144, 478 S.E.2d 54 (1996) (holding that an amendment that increases the penalty changes the nature of the offense).

CONCLUSION

Based on the foregoing, we **REVERSE** the decision of the PCR court.

MOORE, WALLER and BURNETT, JJ., concur.

FINNEY, C.J., not participating.