545 S.E.2d 511

**The STATE, Respondent,**

v.

**James LYNCH, III, Appellant.**

**No. 25281.**

Supreme Court of South Carolina.

Heard April 3, 2001.

Decided April 16, 2001.

Eleanor Duffy Cleary, of the South Carolina Office of Appellate Defense, of Columbia, for appellant.

Attorney General Charles M. Condon, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Donald J. Zelenka, all of Columbia, and Solicitor Robert M. Ariail, of Greenville, for respondent.

WALLER, Justice:

A jury convicted appellant of murder and first degree burglary.[1] The trial court sentenced him to concurrent terms of life imprisonment. On appeal, appellant's prior counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and a petition to be relieved. This Court denied the petition, and ordered the parties to brief an issue regarding subject matter jurisdiction over the first degree burglary charge. We reverse the burglary conviction and affirm the murder conviction.

---

1. The victim, Pebbles Jones, was appellant's former girlfriend. She was stabbed in her home, with fatal wounds to the jugular vein and the heart.

## FACTS

At the outset of trial, the State moved to amend the indictment on the first degree burglary charge. The State requested that the words "in the hours during darkness" be replaced with "caused physical injury." Over appellant's objection, the trial court allowed the amendment.

The amended indictment reads:

COUNT ONE—BURGLARY IN THE FIRST DEGREE (DWELLING)

That James Lynch III did in Greenville County on or about November 11, 1996 willfully and unlawfully enter the dwelling of Pebble Jones without consent and with the intent to commit a crime therein and the defendant ~~did enter during the hours of darkness~~ did cause physical injury to a person who is not a participant in the crime while defendant was effecting entry or while in the dwelling or in immediate flight.

(strikeout indicates deleted language, underline indicates added language). Thus, the original indictment charged appellant with first degree burglary under section 16–11–311(A)(3), and the amended indictment charged him under section 16–11–311(A)(1)(b).[2]

---

**2.** The statute for first degree burglary provides as follows:

(A) A person is guilty of burglary in the first degree if the person enters a dwelling without consent and with intent to commit a crime in the dwelling, and either:

(1) when, in effecting entry or while in the dwelling or in immediate flight, he or another participant in the crime:

(a) is armed with a deadly weapon or explosive; or

(b) causes physical injury to a person who is not a participant in the crime; or

(c) uses or threatens the use of a dangerous instrument; or

(d) displays what is or appears to be a knife, pistol, revolver, rifle, shotgun, machine gun, or other firearm; or

(2) the burglary is committed by a person with a prior record of two or more convictions for burglary or housebreaking or a combination of both; or

(3) the entering or remaining occurs in the nighttime.

(B) Burglary in the first degree is a felony punishable by life imprisonment. For purposes of this section, "life" means until death. The court, in its discretion, may sentence the defendant to a term of not less than fifteen years.

S.C.Code Ann. § 16–11–311 (Supp.2000).

## ISSUE

Did the trial judge err by allowing the State to amend the indictment for first degree burglary by changing the aggravating circumstance alleged?

## DISCUSSION

 Appellant argues that an aggravating circumstance is a required element of first degree burglary, and the aggravating circumstance upon which his burglary conviction was based has never been presented to the grand jury. Therefore, he argues that the amendment to the indictment deprived the trial court of subject matter jurisdiction over the burglary charge. We agree.

 A circuit court has subject matter jurisdiction if: (1) there has been an indictment which sufficiently states the offense; (2) there has been a waiver of indictment; or (3) the charge is a lesser included charge of the crime charged in the indictment. *Carter v. State*, 329 S.C. 355, 495 S.E.2d 773 (1998). An indictment is sufficient to confer jurisdiction "if the offense is stated with sufficient certainty and particularity to enable the court to know what judgment to pronounce, and the defendant to know what he is called upon to answer...." *Browning v. State*, 320 S.C. 366, 368, 465 S.E.2d 358, 359 (1995).

 An indictment may be amended provided "such amendment does not change the nature of the offense charged." S.C.Code Ann. § 17–19–100 (1985). For example, an amendment which changes an offense to one with increased punishment deprives the circuit court of subject matter jurisdiction. *Hopkins v. State*, 317 S.C. 7, 451 S.E.2d 389 (1994); *State v. Riddle*, 301 S.C. 211, 391 S.E.2d 253 (1990). We note, however, that an amendment may deprive the circuit court of jurisdiction even if it does not change the penalty. *See Weinhauer v. State*, 334 S.C. 327, 333, 513 S.E.2d 840, 842 (1999) (citing *State v. Sowell*, 85 S.C. 278, 67 S.E. 316 (1910)).

In *Weinhauer*, this Court decided that an indictment for second degree burglary was improperly amended when the State added language that the offense was committed at "nighttime." The amendment changed the offense charged

from a violation of section 16–11–312(A) ("person enters a dwelling without consent and with intent to commit a crime therein") to a violation of section 16–11–312(B) ("person enters a building without consent and with intent to commit a crime therein, and ... (3) [t]he entering or remaining occurs in the nighttime"). S.C.Code Ann. § 16–11–312 (Supp.2000). The amendment transformed the offense from being classified as non-violent to violent. The Court held that "by amending the indictment, the solicitor changed the nature of the offense charged because the circumstance of 'nighttime' burglary was material to charging Defendant with second degree burglary under subsection (B)." *Weinhauer*, 334 S.C. at 332, 513 S.E.2d at 842.

The *Weinhauer* Court relied in part on the reasoning of *State v. Sowell*, 85 S.C. 278, 284, 67 S.E. 316, 318 (1910). The Court in *Sowell* held that breaking and entering in the daytime and in the nighttime were distinct offenses, and therefore the "time of its commission" was the "essence of the offense." This was despite the fact that both offenses belonged to the same class of felonies and were punishable in the same way. Because the two offenses were distinct, the Court stated that the amendment substituting nighttime for daytime "not only changed the nature of the offense charged, but substituted an entirely different one for the one charged." *Id.*

The offense of first degree burglary, as defined by section 16–11–311, occurs when a person enters a dwelling without consent, with intent to commit a crime in the dwelling, and an aggravating circumstance is present. Without an aggravating circumstance, the crime committed would be second degree burglary. *See* S.C.Code Ann. § 16–11–312(A). Thus, although it is only one element of the crime, the aggravating circumstance is "the essence" of first degree burglary. *Sowell*, 85 S.C. at 284, 67 S.E. at 318. Moreover, these aggravating circumstances are quite distinct from one another, and thus, the proof required for each aggravating circumstance is materially different from one another. *Compare* S.C.Code Ann. § 16–11–311(A)(1), (2) & (3).

We find that by changing the aggravating circumstance from entering during the darkness to causing physical injury, the amendment to the indictment "substituted an entirely

different [offense] for the one charged." *Sowell*, 85 S.C. at 284, 67 S.E. at 318. The amendment was a material change which modified what the defendant was "called upon to answer." *Browning*, 320 S.C. at 368, 465 S.E.2d at 359. Accordingly, the amendment deprived the circuit court of subject matter jurisdiction over the burglary charge.

■ The State argues that the amendment was properly permitted because it came as no "surprise" to appellant. The trial court utilized a similar "prejudice" analysis when it allowed the amendment. However, in testing the sufficiency of an indictment and the propriety of amending an indictment, it is improper to look to other indictments, even if those indictments relate to the same course of conduct. A subject matter jurisdiction analysis is performed on individual charges, not the charges in the aggregate. The appropriate analysis is whether the amendment to the indictment changed the nature of the offense charged, not whether the amendment in any way surprised or prejudiced appellant. *See* § 17–19–100.[3] We hold the amendment here violated section 17–19–100.

Appellant's murder conviction, however, is unaffected by the resolution of this issue, and therefore, it is affirmed.

## CONCLUSION

■ Because the amendment to the first degree burglary indictment changed the nature of the offense charged, appellant's burglary conviction is reversed.[4] We affirm the murder conviction.

**AFFIRMED IN PART; REVERSED IN PART.**

TOAL, C.J., BURNETT and PLEICONES, JJ., and Acting Justice GEORGE T. GREGORY, Jr., concur.

---

3. However, if a *permissible* amendment (i.e., one which does not change the nature of the offense charged) "operate[s] as a surprise to the defendant," then "the defendant shall be entitled, upon demand, to a continuance of the cause." § 17–19–100.

4. Of course, appellant may be retried on the first degree burglary charge if he is reindicted or waives presentment. *See Montana v. Hall*, 481 U.S. 400, 402, 107 S.Ct. 1825, 95 L.Ed.2d 354 (1987) ("It is a

venerable principle of double jeopardy jurisprudence that the successful appeal of a judgment of conviction, on any ground other than the insufficiency of the evidence to support the verdict, poses no bar to further prosecution on the same charge.") (internal alterations, quotes, and citations omitted); *State v. Munn,* 292 S.C. 497, 499, 357 S.E.2d 461, 463 (1987).