SCREENING REPORT

THE STATE OF SOUTH CAROLINA
In The Court of Appeals
__________

 
 
 The State,
 
 
 Respondent,
 
 

v.

 
 
 Bobby Joe Brown # 2,
 
 
 Appellant.
 
 

__________
__________
Appeal From Abbeville County
 Wyatt T. Saunders, Jr, Circuit Court 
 Judge
__________
Unpublished Opinion No.2003-UP-641
Submitted August 20, 2003  Filed November 
 4, 2003   
___________
VACATED
___________
Chief Attorney Daniel T. Stacey, of Columbia, for Appellant
Attorney General Henry Dargan McMaster, Chief Deputy Attorney 
 General John W. McIntosh, Assistant Deputy Attorney General Charles H. Richardson, 
 all of Columbia;  and Solicitor William Townes Jones, of Greenwood, for Respondent.
PER CURIAM:  Bobby Joe Brown pled guilty 
 to two counts of distribution of crack cocaine.   He was sentenced to eight 
 years imprisonment, to be served concurrently with each other and with his other 
 sentence for possession with intent to distribute.   He appeals his plea and 
 sentence as to one of the counts of distribution.  We vacate that conviction.
FACTUAL/PROCEDURAL HISTORY
            While under video and audio surveillance, 
 a confidential informant (CI) for the Abbeville County Sheriffs Department 
 conducted a controlled purchase of crack cocaine from Brown on March 29, 2001.  
 The CI conducted another controlled purchase of crack cocaine from Brown on 
 March 31, 2001.    Brown was indicted for distribution of crack cocaine for 
 his actions on March 31, 2001, in indictment number 158.   With regard to the 
 controlled purchase on March 29th, indictment number 159 charged 
 Brown with PWID crack cocaine.   
            At the beginning of the guilty plea 
 proceeding, the solicitor informed the trial judge that indictment 159 incorrectly 
 charged Brown with PWID and should have read distribution.  Noting that distribution 
 and PWID are within the same statute, the solicitor moved to amend the indictment.  
 Browns counsel consented to the amendment as a condition of the negotiated 
 plea.  The trial judge allowed the amendment, and the language on indictment 
 159 stating that Brown possess[ed] with intent to was struck, leaving only 
 the word distribute on the indictment.   The trial judge initialed above the 
 change and wrote the date and the words on motion and consent.   The parties 
 did not discuss waiver of presentment of the indictment, nor did Brown indicate 
 he was waiving presentment when he signed the guilty plea portion of the original 
 indictment. 
The plea proceeding continued, and the trial judge 
 found Browns pleas to two counts of distribution were knowingly and voluntarily 
 entered after he was informed of his trial rights waived by the plea and the 
 possible sentences he faced.   The trial judge sentenced Brown to eight years 
 on each indictment as recommended by the State.  Brown appeals. 
ISSUE
Whether the trial court had subject matter jurisdiction to 
 accept the guilty plea on one of the indictments where the indictment was amended 
 from possession with intent to distribute (PWID) to distribution? 
DISCUSSION
            Brown argues the amendment from PWID 
 to actual distribution materially changed the indicted offense such that the 
 trial court lost subject matter jurisdiction.  The State argues the change had 
 no practical effect because PWID and distribution are located within the same 
 statutory section.  Thus, the State argues, Brown was essentially pleading guilty 
 to the same offense and the trial court had subject matter jurisdiction. 
            The trial court has subject matter 
 jurisdiction if (1) there has been an indictment that sufficiently states the 
 offense; (2) the defendant waives the indictment; or (3) the charge is a lesser-included 
 offense of the indicted charge.  State v. Primus, 349 S.C. 576, 564 S.E.2d 
 103 (2002); State v. Lynch, 344 S.C. 635, 545 S.E.2d 511 (2001).  
An indictment is sufficient if the offense is stated with 
 sufficient certainty and particularity to enable the court to know what judgment 
 to pronounce, and the defendant to know what he is called upon to answer and 
 whether he may plead an acquittal or conviction thereon.  The true test of the 
 sufficiency of an indictment is not whether it could be made more definite and 
 certain, but whether it contains the necessary elements of the offense intended 
 to be charged and sufficiently apprises the defendant of what he must be prepared 
 to meet.  
Browning v. State, 320 S.C. 366, 368, 465 
 S.E.2d 358, 359 (1995); State v. Williams, 346 S.C. 424, 431-32, 552 
 S.E.2d 54, 58 (Ct. App. 2001); S.C. Code Ann § 17-19-20 (2003).  Indictments 
 may be amended provided such amendment does not change the nature of the offense 
 charged.  S.C. Code Ann. § 17-19-100 (2003); Lynch, 344 S.C. at 639, 
 545 S.E.2d at 513.  Subject matter jurisdiction may not be waived, even by 
 consent of the parties.  Hooks v. State, 353 S.C. 48, 53, 577 S.E.2d 
 211, 214 (2003).  Lack of subject matter jurisdiction can be raised at any time.  
 State v.Ervin, 333 S.C. 351, 510 S.E.2d 220 (Ct. App. 1998).
            In Lynch, the defendant was indicted 
 for first degree burglary for entering a dwelling with the intent to commit 
 a crime therein, during the hours of darkness.  At the beginning of trial, 
 the trial court allowed the State to amend the indictment to change the aggravating 
 circumstance from during the hours of darkness, to did cause physical injury 
 to a person who is not a participant in the crime while defendant was effectuating 
 entry or while in the dwelling or in immediate flight.  Both aggravating circumstances 
 were found within the burglary statute, S.C. Code Ann. § 16-11-311(A)(1)(b) 
 and (A)(3) (Supp. 2000).  Our Supreme Court held the amendment deprived the 
 trial court of subject matter jurisdiction because it was a material change 
 to what the defendant was called upon to answer.  Lynch, 344 S.C. at 
 640-41, 545 S.E.2d at 514. 
            The amendment in the present case is 
 similar to that in Lynch.  Indictment 159 originally charged Brown with 
 PWID in violation of S.C. Code Ann. § 44-53-375(B) (2002).  This section provides 
 that a person who manufactures, distributes, dispenses, delivers, purchases, 
 or otherwise aids, abets, attempts, or conspires to manufacture, distribute, 
 dispense, deliver, or purchase, or possesses with intent to distribute, 
 dispense, or deliver ice, crank, or crack cocaine . . . is guilty of a felony.  
 S.C. Code Ann. § 44-53-375(B) (2002) (emphasis added).  Although criminalized 
 within the same statute, possession with intent to distribute and distribution 
 of crack cocaine are separate offenses.  See State v. Brown, 319 
 S.C. 400, 406, 461 S.E.2d 828, 831 (Ct. App. 1995) (Both distribution of crack 
 cocaine and possession with intent to distribute are criminalized in the same 
 subsection, and both carry a maximum sentence of fifteen years and a fine of 
 at least $25,000 for a first time offender.).  The elements of distribution 
 of crack include: (1) the defendant had actual control over the crack; (2) the 
 defendant knowingly distributed or delivered the crack; (3) the substance was 
 later determined to actually be crack upon analysis; and (4) the offense occurred 
 in the county where he was charged.  State v. Gill, 355 S.C. 234, 584 
 S.E.2d 482 (Ct. App. 2003).       
Although distribution and PWID are listed within 
 the same statute, distribution is a different offense than PWID.  Thus, the 
 amendment materially changed what Brown was called to answer.  Accordingly, 
 the trial court lacked subject matter jurisdiction to accept Browns plea on 
 indictment number 159.  Further, Browns consent to the amendment does not waive 
 the courts lack of subject matter jurisdiction.  
CONCLUSION
            
 The trial court lost subject matter jurisdiction when it allowed the amendment 
 of indictment 159 from PWID to distribution.  Accordingly, Browns conviction 
 on that indictment is 
            VACATED.
            HEARN, C.J., CONNOR and ANDERSON, 
 JJ., concur.