THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
In the Interest Of:  S., Damion, A Juvenile under the Age of Seventeen,
Appellant.
 
 
 

Appeal From Richland County
Marion D. Myers, Family Court Judge

Unpublished Opinion No. 2005-UP-156
Heard February 8, 2005  Filed March 4, 2005

AFFIRMED IN PART, VACATED IN PART,
AND REMANDED 

 
 
 
Assistant Appellate Defender Eleanor Duffy Cleary, of Columbia, for Appellant.
Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Assistant Attorney General Deborah R. J. Shupe; all of Columbia; and Solicitor Warren Blair Giese, of Columbia, for Respondent.
 
 
 

STILWELL, J.:  Damion S. pled guilty in family court to first-degree burglary, safecracking, grand larceny, and two counts of second-degree burglary.  On appeal, he argues the family court lacked subject matter jurisdiction to accept his pleas because the juvenile petitions were insufficient.  We affirm in part, vacate in part, and remand.
BACKGROUND
The juvenile petitions against Damion alleged he was involved in break-ins at three separate homes.  The first-degree burglary petition involved an incident at the home of Matt Ragen.  The safecracking, grand larceny, and one of the second-degree burglary allegations arose from a break-in at the home of Jimmie Coward.  The remaining second-degree burglary charge and a nol prossed petit larceny charge concerned a break-in at the home of June Williford.  
The family court accepted Damions guilty pleas, adjudicated him delinquent, and later sentenced him to an indeterminate period not to exceed his twenty-first birthday.  
DISCUSSION
The court of general sessions has jurisdiction over a criminal case where there is an indictment sufficiently stating the offense, the offense is a lesser-included offense of the indicted offense, or the defendant waives presentment of the indictment.  Cohen v. State, 354 S.C. 563, 565-66, 582 S.E.2d 403, 404 (2003).  An indictment is sufficient for jurisdictional purposes where it apprises the defendant of the elements of the offense intended to be charged and informs [him] of the circumstances he must be prepared to defend.  Koon v. State, 358 S.C. 359, 365, 595 S.E.2d 456, 459 (2004).  This court has previously applied the rules governing indictments to a juvenile petition, citing due process rights applicable in both arenas.  In the Interest of Jason T., 340 S.C. 455, 458-59, 531 S.E.2d 544, 545-46 (Ct. App. 2000) (Based on the due process protections governing juvenile proceedings and the exemplary procedure employed in courts of general sessions to preserve adults due process rights, we now hold that a family court lacks subject matter jurisdiction to adjudicate a juvenile delinquent for a charge not alleged in the juvenile petition unless the adjudication is for a lesser included offense or there has been a written waiver of notice.).
I.  First-Degree Burglary Petition
A person commits first-degree burglary where he enters a dwelling without consent and with the intent to commit a crime therein, and one of the statutorily defined aggravating circumstances is present.[1]  S.C. Code Ann. § 16-11-311(A) (2003).  In State v. Lynch, the State moved at the outset of a murder and first-degree burglary trial to amend the burglary indictment by deleting one aggravating circumstance and replacing it with another.  State v. Lynch, 344 S.C. 635, 638, 545 S.E.2d 511, 513 (2001).  Following his conviction on both charges, our supreme court reversed his burglary conviction, concluding the amendment impermissibly changed the nature of the offense charged.  Id. at 640-41, 545 S.E.2d at 514.  The court noted without the aggravating circumstance, the crime would be second-degree burglary and thus although it is but one element of the crime, the aggravating circumstance is the essence of first degree burglary.  Id. at 640, 545 S.E.2d at 514 (quoting State v. Sowell, 85 S.C. 278, 67 S.E. 316 (1910).  Because the aggravating circumstances involved were distinct and required materially different proof, the court held the amendment struck the charged offense and replaced it with an entirely different one and thus deprived the trial court of subject matter jurisdiction.  Id. at 640-41, 545 S.E.2d at 514.  
Citing Lynch, our supreme court has since held the circuit court lacked subject matter jurisdiction to convict a defendant of first-degree burglary where the indictment failed to allege any one of the several aggravating circumstances set forth in the statute.  Mathis v. State, 355 S.C. 87, 92, 584 S.E.2d 366, 368-69 (2003); see also Browning v. State, 320 S.C. 366, 369, 465 S.E.2d 358, 359 (1995) (holding circuit court lacked jurisdiction to accept second-degree burglary guilty plea where the indictment failed to allege any circumstance of aggravation).
In this case, the purported first-degree burglary petition fails to allege any circumstance of aggravation.  The State, however, points out the petition alleges that after waiving his rights, Damion confessed to the crime of first-degree burglary.  We need not decide whether such an incorporation would suffice for jurisdictional purposes because the confession referenced also contains no hint of any aggravating circumstance.  The State also notes Damion did not challenge the States factual recitation, in which the prosecutor asserted the offense occurred during the hours of darkness, thus asserting an aggravating circumstance was present.  This argument fails to recognize the charging document itself serves as the focus of our jurisdictional analysis.  Although the sufficiency of an indictment is to be viewed with a practical eye considering all surrounding circumstances, this evaluation is to be based on pre-trial surrounding circumstances, not information related during a guilty plea hearing.  See State v. Wade, 306 S.C. 79, 86, 409 S.E.2d 780, 784 (1991) (rejecting dissents attempt to include evidence presented at trial as surrounding circumstances available for consideration in evaluating sufficiency of an indictment).  Because the petition fails to allege any aggravating circumstance, we vacate Damions delinquency adjudication for first-degree burglary.
II.  Remaining Petitions
We affirm Damions remaining issues pursuant to Rule 220(b)(2), SCACR and the following authorities:  Browning, 320 S.C. at 368, 465 S.E.2d at 359 (An indictment is sufficient if the offense is stated with sufficient certainty and particularity to enable the court to know what judgment to pronounce, and the defendant to know what he is called upon to answer and whether he may plead an acquittal or conviction thereon.); Id. (The true test of the sufficiency of an indictment is not whether it could be made more definite and certain, but whether it contains the necessary elements of the offense intended to be charged and sufficiently apprises the defendant of what he must be prepared to meet.); State v. Gunn, 313 S.C. 124, 130, 437 S.E.2d 75, 78 (1993) (holding question of sufficiency of an indictment must be viewed with a practical eye in view of the surrounding circumstances); S.C. Code Ann. § 16-11-312 (2003) (defining second-degree burglary); S.C. Code Ann. § 16-11-390 (2003) (defining safecracking); S.C. Code Ann. § 16-13-30(B) (2003) (defining grand larceny). 
CONCLUSION
We vacate Damions adjudication on the offense of first-degree burglary and affirm his adjudication on the remaining charges.  Because we have vacated his adjudication as to the most serious offense, we remand to the family court for any reconsideration of his sentence deemed appropriate as a consequence of this opinion. 
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.  
 HUFF, J., concurs.
 GOOLSBY, J., dissents in part and concurs in part in a separate opinion.
GOOLSBY, J. (dissenting in part and concurring in part): I dissent to the extent the majority vacates on the ground of lack of subject matter jurisdiction the appellants adjudication of delinquency for having committed the offense of first-degree burglary and remands appellant to the family court for resentencing.  I otherwise concur.
Viewing, as we must, the allegations of first-degree burglary set forth in the petition with a practical eye and taking note of all surrounding circumstances that existed pre-trial, I would hold the petition was sufficient to confer subject matter jurisdiction upon the family court to adjudicate those allegations.  See State v. Adams, 354 S.C. 361, 580 S.E.2d 785 (Ct. App. 2003); State v. McCloud, 354 S.C. 40, 579 S.E.2d 534 (Ct. App. 2003).  The petition says the juvenile along with another forced entry into the residence in question, they searched for money once inside, and the juvenile confessed to the crime of burglary 1st, which is no different than had the petition expressly referenced the burglary statute, S.C. Code Ann. § 16-11-311 (A) (2003).  His confession  states he and another person got a lot of change and some jewelry after they got inside the house. 
If the appellant had a question about which aggravating circumstance the State intended to rely upon, he should have raised this issue earlier by motion.  See Rule 12(e), SCRCP; Rule 2(b), SCRFC; cf. S.C. Code Ann. § 17-19-90 (Rev. 2003).  This he did not do.  He should not now be heard to complain.
I would affirm.

[1]        Section 16-11-311(A) provides:

 
 
 
 
 (A) 
 A person is guilty of burglary in the first degree if the person enters a dwelling without consent and with intent to commit a crime in the dwelling, and either:
 
 
 (1) 
 when, in effecting entry or while in the dwelling or in immediate flight, he or another participant in the crime:
 
 
 (a) 
 is armed with a deadly weapon or explosive; or
 
 
 (b) 
 causes physical injury to a person who is not a participant in the crime; or
 
 
 (c)
 uses or threatens the use of a dangerous instrument; or
 
 
 (d) 
 displays what is or appears to be a knife, pistol, revolver, rifle, shotgun, machine gun, or other firearm; or
 
 
 (2) 
  the burglary is committed by a person with a prior record of two or more convictions for burglary or housebreaking or a combination of both; or
 
 
 (3)    
  the entering or remaining occurs in the nighttime.