UNITED STATES of America,
Plaintiff—Appellee,

v.

Miguel Angel TERRAZAS,
Defendant—Appellant.

No. 05–30072.

United States Court of Appeals,
Ninth Circuit.

---

** The Honorable James C. Mahan, United States District Judge for the District of Nevada, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the

Submitted June 6, 2006.*

Decided July 19, 2006.

courts of this circuit except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

James P. Hagarty, Esq., USYA–Office of the U.S. Attorney, Yakima, WA, for Plaintiff–Appellee.

George Paul Trejo, Jr., Esq., Yakima, WA, for Defendant–Appellant.

Before: FERGUSON and CALLAHAN, Circuit Judges, and BOLTON, District Judge.**

### MEMORANDUM ***

Miguel Angel Terrazas appeals his jury conviction and sentence for possession of methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). Terrazas raises six claims on appeal: (1) the District Court lacked subject matter jurisdiction to sentence him due to an error on the special verdict form; (2) his conviction for possession with intent to distribute is inconsistent with his acquittal of conspiracy to distribute methamphetamine; (3) the evidence presented at trial was insufficient to support his conviction; (4) the prosecution committed reversible error in introducing evidence regarding the number of cars registered to Terrazas; (5) Terrazas was deprived of his right to be present at every stage of the trial when

he was absent from discussions regarding how to answer two questions from the jury; and (6) the jury committed prejudicial misconduct by prematurely engaging in deliberations on the second day of trial.

We reject all of Terrazas's claims and affirm the District Court.

### I.

"We review de novo a district court's assumption of subject matter jurisdiction." *United States v. Tisor*, 96 F.3d 370, 373 (9th Cir.1996).

Terrazas claims the failure of his jury to make the requisite finding regarding an element of the offense of which he was originally charged deprived the District Court of subject matter jurisdiction over his case. Terrazas was indicted for the crime of intent to distribute methamphetamine. The special verdict form given to Terrazas's jury, however, asked it to determine the quantity of methamphetamine Terrazas actually "distributed" as opposed to the amount he "intended to distribute."

Terrazas relies on the South Carolina Supreme Court case of *State v. Lynch*, 344 S.C. 635, 545 S.E.2d 511 (2001), for the proposition that a deficiency in an indictment, such as a failure to state an element of an offense of which the defendant is later convicted, deprives a trial court of subject matter jurisdiction over the entire criminal case. This holding of *Lynch*, however, has not only been overruled within South Carolina, *see State v. Gentry*, 363 S.C. 93, 610 S.E.2d 494, 498–500, 501 (2005), but has been rejected in the federal context by *United States v. Cotton*, 535 U.S. 625, 122 S.Ct. 1781, 152 L.Ed.2d 860

** The Honorable Susan R. Bolton, United States District Judge for the District of Arizona, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit Rule 36–3.

(2002). *Cotton* held that a district court's jurisdiction is based on its statutory or constitutional power to adjudicate a case. *Id.* at 630, 122 S.Ct. 1781. When a district court has statutory jurisdiction over a criminal case, "defects in an indictment do not deprive a court of its power to adjudicate [that] case." *Id.*

The District Court properly had jurisdiction over Terrazas's case under 18 U.S.C. § 3231, which states that district courts have original jurisdiction over "all offenses against the laws of the United States." Terrazas's claim regarding the deficiency in his indictment goes to the merits of his case, rather than deprives the District Court of jurisdiction. *See Cotton*, 535 U.S. at 631, 122 S.Ct. 1781 (quoting *Lamar v. United States*, 240 U.S. 60, 65, 36 S.Ct. 255, 60 L.Ed. 526 (1916)).

### A.

■ Terrazas claims that this error in the special verdict form also prevented the jury from finding beyond a reasonable doubt the quantity of methamphetamine he intended to distribute. Because this fact increased the maximum sentence to which he was subject, Terrazas argues that *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), applies and the contested fact should have been proved to the jury beyond a reasonable doubt.

Because Terrazas did not raise this claim before the District Court, we review for plain error. *See United States v. Klinger*, 128 F.3d 705, 710 (9th Cir.1997). In order to prove plain error, the defendant must establish that "the error seriously affects the fairness, integrity, or

public reputation of judicial proceedings." *Id.* at 712.

Terrazas's claim fails because *Apprendi* does not apply when the sentence imposed is below the statutory maximum allowed absent consideration of the disputed fact. *See United States v. Garcia–Sanchez*, 238 F.3d 1200, 1201 (9th Cir.2001). Therefore, Terrazas was not prejudiced by the error in the language of the special verdict form because, despite the fact that the District Court believed it had the authority to sentence Terrazas to up to life imprisonment, it imposed a sentence of only 156 months, which is much less than the statutory maximum of twenty years allowed even if no drug quantity is specified.[1]

Furthermore, Terrazas stipulated to the quantity of drugs involved in the offense. He agreed that 3,098 grams of actual methamphetamine were found in the tire he was transporting. When the evidence proving a fact that should have been submitted to the jury is overwhelming and uncontroverted, then the failure to submit that fact to the jury cannot seriously affect the fairness, integrity, or public reputation of the judicial proceedings. *See Cotton*, 535 U.S. at 633, 122 S.Ct. 1781; *see also United States v. Perez*, 116 F.3d 840, 847 (9th Cir.1997).

### II.

We review a claim of inconsistent verdicts de novo. *United States v. Hart*, 963 F.2d 1278, 1280 (9th Cir.1992).

■ Terrazas contends that his acquittal on Count 1, conspiracy to distribute methamphetamine, is inconsistent with his conviction on Count 2, possession with intent to distribute methamphetamine.

---

1. A defendant may be convicted under 21 U.S.C. § 841(a)(1) even if a drug quantity is not specified or found by a jury. *See United States v. Minore*, 292 F.3d 1109, 1117 (9th Cir.2002). If no drug quantity is specified, the defendant is subject to a maximum of twenty years' imprisonment. 21 U.S.C. § 841(b)(1)(C).

Generally, we lack jurisdiction to review this claim.

"Consistency in the verdict is not necessary." *Dunn v. United States,* 284 U.S. 390, 393, 52 S.Ct. 189, 76 L.Ed. 356 (1932); *see also United States v. Powell,* 469 U.S. 57, 105 S.Ct. 471, 83 L.Ed.2d 461 (1984). If there is in fact an inconsistency, it may have arisen "through mistake, compromise, or lenity," and this Court should not inquire into such workings of the jury. *Hart,* 963 F.2d at 1281. When a defendant is challenging inconsistent verdicts on the ground that the jury acquitted him on one count but convicted him on a second, there are no exceptions to the rule that review for inconsistency is prohibited. *See id.; see also Masoner v. Thurman,* 996 F.2d 1003, 1005 (9th Cir.1993). Thus, even if Terrazas's verdicts were inconsistent, their inconsistency is not subject to review.

Terrazas also claims the inconsistent verdicts demonstrate that there was insufficient evidence to convict him of Count 2, because, he argues, his failure to enter into an agreement demonstrates that he was merely present during the drug transaction. Inconsistent verdicts may not be used to demonstrate the insufficiency of the evidence. *See United States v. Powell,* 469 U.S. 57, 67, 105 S.Ct. 471, 83 L.Ed.2d 461 (1984) (sufficiency-of-the-evidence review "should be independent of the jury's determination that evidence on another count was insufficient"). Therefore, both of Terrazas's inconsistency claims fail.

## III.

▪ Third, Terrazas challenges the sufficiency of the evidence used to convict him of possession of methamphetamine with intent to distribute. Specifically, he argues that he was merely present during the drug transaction, and did not have the requisite dominion and control over the methamphetamine to be convicted of possession with intent to distribute.

Sufficiency of the evidence claims are reviewed de novo. *United States v. Duran,* 189 F.3d 1071, 1078 (9th Cir.1999). There is sufficient evidence to support a conviction if "after reviewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Archdale,* 229 F.3d 861, 867 (9th Cir.2000).

To prove Terrazas possessed methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), the government had to show beyond a reasonable doubt that Terrazas: (1) knowingly (2) possessed the methamphetamine, (3) with an intent to distribute it. *See United States v. Cain,* 130 F.3d 381, 382 (9th Cir.1997).

We find that the government met its burden. Several facts indicate that Terrazas had significant dominion and control over the methamphetamine. He was present for conversations in which the quantity and delivery of the drugs was discussed, and was referred to as the "cousin" who possessed the drugs. Terrazas drove the vehicle in which the drugs were transported from Arizona to Washington. *Cf. United States v. Davila–Escovedo,* 36 F.3d 840, 843 (9th Cir.1994) (holding that the fact defendant was the sole driver of a truck with a large amount of marijuana hidden within its walls could give rise to an inference that he both possessed and had knowledge of the drugs); *United States v. Haro–Portillo,* 531 F.2d 962, 963 (9th Cir. 1976) (holding that a driver exercises dominion and control over his vehicle and its contents, and "when one drives a car laden with contraband, there is a substantial basis from which the trier of fact may infer that the driver has knowing possession of

the contraband"). Upon reaching Washington, Terrazas took deliberate steps to remove the methamphetamine from the vehicle, demonstrating that he knew of its existence. Terrazas directed and helped the confidential source, Estrada, in accessing the drugs contained within the spare tire. *See United States v. Magallon–Jimenez,* 219 F.3d 1109, 1113 (finding defendant's movement of a box containing cocaine to a position directly below his feet in a car demonstrated the defendant "exercised control over the cocaine"). These actions show Terrazas was more than merely present, but exercised dominion and control over the methamphetamine.[2]

Terrazas's actions also demonstrate that he had the requisite knowledge and intent to distribute the methamphetamine. Therefore, the jury was presented with sufficient evidence, when viewed in the light most favorable to the prosecution, to make the rational finding that Terrazas knowingly possessed methamphetamine with the intent to distribute it.

## IV.

We review allegations of prosecutorial misconduct for harmless error. *United States v. Hinton,* 31 F.3d 817, 824 (9th Cir.1994).

■ During the trial, the prosecution presented a witness that incorrectly testified to the number of vehicles currently registered in Terrazas's name. Terrazas contends that the introduction of testimony regarding his vehicle registration history constituted prosecutorial misconduct.

A conviction will only be reversed if "it is more probable than not that the [prose-

cutorial] misconduct materially affected the verdict" when viewed in the context of the entire trial. *Hinton,* 31 F.3d at 824. Here, once the error in the testimony was discovered, the District Court struck the testimony and instructed the jury to disregard it. Juries are presumed to follow a court's instructions. *Ortiz–Sandoval v. Gomez,* 81 F.3d 891, 899 (9th Cir.1996). Any error caused by the admission of inadmissible evidence, therefore, is presumed cured by an appropriate instruction. *Cf. United States v. Charmley,* 764 F.2d 675, 677 (9th Cir.1985) (holding that a cautionary instruction cured any prejudice caused by the court's earlier error in allowing the jury to hear inadmissible evidence). In this case, Terrazas suffered no prejudice from the introduction of the registration testimony because the District Court issued an appropriate curative instruction.

## V.

■ When a defendant asserts his right to be present at every stage of the trial, we review for harmless error, *United States v. Rosales–Rodriguez,* 289 F.3d 1106, 1109–10 (9th Cir.2002), unless defendant's counsel failed to object to defendant's lack of presence, in which case we review for plain error, *United States v. Romero,* 282 F.3d 683, 689 (9th Cir.2002). Under either analysis, Terrazas has not demonstrated that he was prejudiced when the District Court discussed its answers to two jury questions with counsel for both sides, but outside of Terrazas's presence.

"A defendant has the right to be present at every stage of the trial." *Rosales–Rodriguez,* 289 F.3d at 1109. Even when a defendant is not confronting witnesses or

2. Terrazas compares his actions to those of the defendants in three other cases in which this Court found the evidence of dominion and control was insufficient. However, Terrazas exercised far more control over the methamphetamine, particularly by helping the confidential source remove the drugs from their hiding place, than any of the defendants in his cited cases. Therefore, his comparison is unavailing.

adverse evidence, he has a due process right to be present "whenever his presence has a relation, reasonably substantial, to the fulness of his opportunity to defend against the charge" and "would contribute to the fairness of the procedure." *Kentucky v. Stincer*, 482 U.S. 730, 745, 107 S.Ct. 2658, 96 L.Ed.2d 631 (1987); *see also Campbell v. Rice*, 408 F.3d 1166, 1171 (9th Cir.2005). The defendant's privilege of presence is not guaranteed, however, "when presence would be useless, or the benefit but a shadow." *Stincer*, 482 U.S. at 745, 107 S.Ct. 2658.

Terrazas claims that he personally should have been present during the discussion between the District Court and counsel regarding how to answer the jury's questions. This Court has held that the absence of both a defendant and his counsel from a discussion regarding a supplementary jury instruction constitutes a violation of due process. *See Rosales–Rodriguez*, 289 F.3d at 1110. However, the Court focused on defendant's counsel's absence as the main reason for the error. *Id.* ("Counsel might object to the instruction or may suggest an alternative manner of stating the message."). Here, in discussing a similar communication between the Court and the jury, Terrazas's counsel was present and did object to the original wording of the answers, and made numerous suggestions regarding an alternative message. Terrazas presents no indication as to why his presence, in addition to his counsel's, would have contributed to the fairness of the procedure, or would have been reasonably substantially related "to the fulness of his opportunity to defend against the charge," *Stincer*, 482 U.S. at 745, 107 S.Ct. 2658. This is a situation where, because Terrazas's counsel was present, his additional presence "would be useless, or the benefit but a shadow." *Id.*

Thus, neither Terrazas's due process right nor his right to be present under Federal Rule of Criminal Procedure 43 was violated.

## VI.

A district court's denial of a request for an evidentiary hearing or new trial based on an assertion of juror misconduct or bias is reviewed for abuse of discretion. *United States v. Smith*, 424 F.3d 992, 1011 (9th Cir.2005); *see also United States v. Soulard*, 730 F.2d 1292, 1305 (9th Cir.1984).

Terrazas's final claim is that he is entitled to a new trial, or at least an evidentiary hearing, because the jury began premature deliberations on the second day of his trial. When determining whether juror misconduct warrants a new trial, "[t]he test is whether or not the misconduct has prejudiced the defendant to the extent that he has not received a fair trial." *United States v. Klee*, 494 F.2d 394, 396 (9th Cir. 1974). The defendant "must allege facts which, if proved, would show that the premature deliberations prejudiced him." *Belmontes v. Brown*, 414 F.3d 1094, 1124–25 (9th Cir.2005).

Premature deliberations are "not as serious" as most other forms of misconduct, such as private communication, outside contact, or tampering with a juror during trial. *Davis v. Woodford*, 384 F.3d 628, 653 (9th Cir.2004). Terrazas, furthermore, has alleged no fact other than that premature deliberations took place. Thus, he has not carried his burden of demonstrating how the deliberations prejudiced him. *Cf. Belmontes*, 414 F.3d at 1125 (holding a defendant failed to show prejudice when he did not allege any facts "other than that premature deliberations took place"). Terrazas's final claim fails.

**AFFIRMED.**